Mervin A. BASS and Zelig Bass,
Appellants,

v.

COMMERCIAL CREDIT CORPORA-
TION, Appellee.

No. 20139.

United States Court of Appeals
Fifth Circuit.

June 7, 1963.

Gerard E. Pyszka, Miami, Fla., for appellants.

Milton M. Ferrell, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and DEVANE, District Judge.

TUTTLE, Chief Judge.

This is an appeal from a summary judgment entered by the trial court in favor of the appellee, Commercial Credit Corporation, in separate suits for malicious prosecution by the two named appellants.

The motion for summary judgment was heard by the trial court on depositions and affidavits. The proof thus adduced undoubtedly raised issues of fact as to many things that transpired during the course of conduct between the appellants, who were officers and incorporators of an automobile concern in Florida. The question here is whether there is any issue of fact touching on the issues that must be made out by a plaintiff seeking to recover for malicious prosecution under the laws of the state of Florida.

The parties agree that Glass v. Parish, Fla., 51 So.2d 717, formulates the test to be applied in determining whether a suit for malicious prosecution may be sustained. The court held in the Glass case that the plaintiff has the burden of proving (1) the instigation of the criminal proceeding by the defendant; (2) its termination in favor of the plaintiff; (3) the exercise of malice by the defendant; (4) want of probable cause for the prosecution; and (5) damage.

The record in the trial court makes it clear that the appellee was the first person to call to the attention of the prosecuting officers of Florida the facts and circumstances that were subsequently used by the local district attorney to commence a prosecution for grand larceny against the appellants. The State Attorney testified, as did the representatives of the appellee, that no one representing the appellee suggested the nature of any prosecution, but presented the facts as indicating that a criminal offense may have been committed; that he himself then determined upon the filing of the grand larceny charge against the individual appellants, rather than against the corporation. We think it is not necessary to determine whether, un-

der the law of the state of Florida, this would amount to proof that appellee did not "instigate" the criminal proceedings, since we determine the question on the basis of one of the other essential ingredients of the action for malicious prosecution.

There can be no doubt but that the second requirement was amply proved by the record of the trial court showing that the appellants were acquitted on the trial in the State Court.

Touching on the requirement of the proof of malice by the appellee, we think we need not decide whether there was a factual issue presented on the question of malice. For the purpose of this appeal we can assume that there was still open for consideration by a fact finder whether the appellee improperly used the criminal laws as an aid to the collection of its debt.

■ The next element that must be proved by a plaintiff in a suit for malicious prosecution is want of probable cause for prosecution. Although the trial court did not point to the precise ground on which it granted the motion for summary judgment, it was doubtless because there was absolutely no evidence before the court that there was a want of probable cause. The evidence on this point was to the effect that when agents of the appellee disclosed these matters to the State Attorney's office there was a single transaction in which appellants' corporation had received payment for seven automobiles sold to the Red Cross, as to which the proceeds of the sale had been assigned to Commercial Credit Corporation, and that the Corporation or the Bass brothers had mingled the proceeds of the sale with the funds of the corporation and had not turned this money, which really belonged to Commercial Credit Corporation, over to it. There was also considerable evidence to the effect that at a time when Commercial Credit Corporation was advancing funds to the Bass brothers' corporation, the corporation, at the direction of the two brothers, was falsifying its books to cover up the fact that it was totally insolvent and that it had outstanding somewhere between $40,000 and $80,000 worth of checks returned for insufficient funds.

This record then, as it stood at the time the motion for summary judgment was granted by the trial court, contained no element of proof that could raise an issue of fact as to whether Commercial Credit Corporation had "such ground as would induce a man of ordinary prudence and discretion to believe in the guilt and to expect the conviction of the person suspected." This language is taken from the opinion of the Supreme Court of Florida in Florida East Coast R. R. Co. v. Groves, 55 Fla. 436, 46 So. 294. The full quotation from the Groves case that is here apposite is:

"If every man who suffers by the perpetration of a crime were bound under the penalty of heavy damages to ascertain before he commences a prosecution that he has such evidence as will insure a conviction, few prosecutions would be set on foot, the guilty would escape while conclusive evidence was sought for, offenses of every grade would, for the most part, go unpunished, and the penal law would be scarcely more than a dead letter. The law, therefore, protects the prosecutor if he have reasonable or probable cause for the prosecution, that is, if he have such ground as would induce a man of ordinary prudence and discretion to believe in the guilt and to expect the conviction of the person suspected, and if he acts in good faith on such belief and expectation."

Thus it is that since the record before the trial court contained, without contradiction, evidence which, under the Florida decisions, would demonstrate probable cause to exist, the trial court did not err in granting the motion for summary judgment.

The judgment is

Affirmed.