**Carlton BARNES, Plaintiff,**

v.

**AVIS RENT A CAR SYSTEM, INC., Defendant.**

**Civ. A. No. 78–174.**

United States District Court,
District of Columbia.

March 9, 1979.

Harry W. Goldberg, Chevy Chase, Md., for plaintiff.

Edward M. Statland, Washington, D. C., for defendant.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

This action alleging damages for malicious prosecution, false arrest, false imprisonment, assault, battery, libel and slander grows out of the arrest of plaintiff Carlton Barnes on July 9, 1977 at National Airport. The matter is now before the Court on defendant's motion for summary judgment.

The record before the Court establishes that in response to defendant's request FAA Detective Norman K. Ford implemented a surveillance operation at defendant Avis' National Airport Facility on July 9, 1977 for the purpose of detecting thefts of items inadvertently left in returned cars by defendant's customers. Detective Ford was assisted in this operation by Mr. Dale Lucas, security manager for defendant.

Both men observed plaintiff and a coworker, Kevin Rhodes, enter an automobile containing planted camera equipment and drive around the airport. Upon returning to defendant's facilities, Rhodes was observed to remove the camera from the car concealed in a white paper bag and enter the door of the employees' locker area followed by plaintiff. After exiting the locker

area empty-handed, both men responded to Ford's and Lucas' questions by denying any knowledge of the camera. Plaintiff and Rhodes were detained in an Avis trailer where the clothing of both was observed under ultra-violet light to have traces of an invisible powder and paste which had been previously painted on the camera.

Plaintiff and Rhodes were placed under arrest by Detective Ford after Mr. Barry Stratford, district manager for defendant arrived and indicated that he wanted both men prosecuted. A finding of probable cause to charge plaintiff with violating 18 U.S.C. § 661 was made by U.S. Magistrate W. Harris Grimsley on August 15, 1977. Rhodes entered a plea of guilty on September 9, 1977 and plaintiff was acquitted after trial by a U. S. Magistrate.

■ Summary judgment may be granted to a party if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, *National Cable Television v. F. C. C.*, 156 U.S. App.D.C. 91, 479 F.2d 183 (1973). Plaintiff appears to argue that there are genuine issues of material fact in this case as to who instituted the arrest and prosecution of plaintiff and as to whether the arrest and prosecution were based on probable cause.

■ The law of Virginia is clear that giving honest assistance and information to law enforcement authorities does not render one liable for damages for malicious prosecution. *See, Marsh v. Commercial and Savings Bank of Winchester, Va.*, 265 F.Supp. 614 (W.D.Va.1967); *Keaton v. Balser*, 340 F.Supp. 329 (W.D.Va.1972). Additionally, an individual cannot be falsely arrested or falsely imprisoned, where the arrest is made by a duly authorized law enforcement officer on the basis of acts committed in his presence which establish probable cause for the belief an offense is being committed. *Yeatts v. Minton*, 211 Va. 402, 177 S.E.2d 646 (1970). This principle is not changed by the fact that defendant participated in the detention of plaintiff or provided information which was the cause of defendant's imprisonment. *See, Montgomery Ward v. Freeman*, 199 F.2d 720, 723 (4th Cir. 1952).

■ Virginia law defines probable cause as a knowledge of a state of facts and circumstances which would excite the belief in a reasonable mind that the accused is guilty of the crime of which he is suspected. *Burwell v. Virginia Acme Markets, Inc.*, 355 F.Supp. 784, 787 (S.D.W.Va.1973). Summary judgment may be properly entered whenever the undisputed facts make out the defense of probable cause. *Clarke v. Montgomery Ward & Co.*, 298 F.2d 346, 349 (4th Cir. 1962); *Bass v. Commercial Credit Corp.*, 317 F.2d 910 (5th Cir. 1963).

■ In the instant case, the undisputed facts establish that the arrest and prosecution of plaintiff were instituted by Detective Ford, a duly authorized police officer, and the U. S. Attorney's Office, not by defendant's agents. Further, the admitted acts of plaintiff, as observed by Detective Ford, were sufficient to establish probable cause for the arrest and prosecution. Defendant is entitled to summary judgment as a matter of law on plaintiff's claims of false arrest, false imprisonment and malicious prosecution.

■ Plaintiff admits in his deposition that he was never touched or placed in apprehension of tortious contact by defendant's agents. Consequently, plaintiff has no claim for assault and battery.

Plaintiff indicates that his claims of libel and slander are based on the following acts of defendant's agents: (1) Stratford's statement, "I want to prosecute them both;" (2) testimony of Lucas at the trial and during a subsequent union arbitration proceeding; (3) alleged attempts of Lucas and Stratford to solicit false testimony against plaintiff from defendant's employees.

■■ The statement "I want to prosecute them both" does not constitute libel or slander as defined by the Virginia Code, § 18.2–417 (1950). All statements alleged to have been made by defendant's agents preliminary to or in the course of judicial proceedings are privileged because they were related to the legal proceedings. *See,*

**910**

*Brown v. Collins*, 131 U.S.App.D.C. 68, 71, 402 F.2d 209, 212 (1968). The same is true regarding statements made at the union arbitration proceeding. *See, Joftes v. Kaufman*, 324 F.Supp. 660 (D.D.C.1971).

Further, the law is clear that once defendants raise serious questions with regard to the foundation of plaintiff's allegations, plaintiff may not rest on those allegations, but must come forward with competent, probative evidence in support of those allegations. Without such support, those allegations must fail and judgment be entered for defendants. *Merit Motors, Inc. v. Chrysler Corp.*, 417 F.Supp. 263 (D.D.C. 1976). Plaintiff's testimony in his deposition and affidavit is fraught with inadmissible hearsay and unsubstantiated allegations which fail to support his claims of libel and slander. Defendant is entitled to summary judgment on these claims.

Accordingly, defendant's motion for summary judgment is granted.