## THERESA O. WILCOX *v.* Q. H. BERREY.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 24, 1904.　　　　DECIDED JULY 18, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

MOTION TO DISMISS.

An oral motion to dismiss a complaint for not stating a cause of action having been argued in the Circuit Court and overruled and

exception taken and allowed to such overruling, the case showing a formal demurrer for the same cause filed in the District Court from which, after a hearing upon the merits and judgment for the defendant, an appeal was taken to the Circuit Court, the motion is treated as a demurrer.

LIABILITY FOR CAUSING ANOTHER TO BRING A MALICIOUS SUIT.

Whether the averment that the defendant assigned to one M. a judgment with the intention that M. should bring an action upon it is a sufficient averment to make the defendant responsible for an action brought by him, *quaere*; the complaint in this case disclosing no cause of action against the defendant if he had brought the action himself.

MALICIOUS PROSECUTION—*abuse of process*.

An action for malicious prosecution of a civil suit imperatively requires a termination of the suit in favor of the defendant. In this case the defendant was alleged to have acquired by assignment a judgment against the plaintiff wihch he knew had been paid, partly in cash and the balance in a promissory note of the plaintiff's husband upon which the defendant had obtained judgment. He assigned the former judgment to M. with the intention that M. sue upon it, which he did, recovering judgment, for which the plaintiff is now liable, and levying upon her personal property.

*Held*, that this was neither an action for malicious prosecution of a civil suit, the suit having terminated in favor of its plaintiff; nor an action for malicious abuse of process, there having been no unlawful or unauthorized use of process and that the complaint sets forth no actionable wrong.

OPINION OF THE COURT BY HARTWELL, J.

This case was commenced in the District Court of Honolulu which gave judgment for the defendant. The plaintiff appealed to the Circuit Court, in which the jury rendered a verdict as follows:

"We the jury in the above entitled cause find for the plaintiff and against the defendant in the sum of $159.60 damages, but we do not think that defendant had any malicious intent.".

The substance of the complaint is:

That March 17, 1899, the Hawaiian News Co., holding plaintiff's promissory note in the sum of $90.00, brought action upon it in said District Court and obtained judgment in the sum of

$102.10, but the note was kept by the company.  Plaintiff afterwards made payments aggregating $45.00 to the company on account of the judgment but no entry was made in the record, although each payment was endorsed upon the note.  April 12, 1901, the defendant Berrey, acting as agent for the News Company, took from plaintiff's husband, R. W. Wilcox, his promissory note payable on demand to the defendant, for $156.20, in settlement of the balance owing on the judgment as well as of certain claims of the News Company against himself.

That May 10, 1901, the defendant sued R. W. Wilcox in said District Court on said demand note and obtained judgment thereon in the sum of $176.60, which judgment is still outstanding.

That September 13, 1901, the defendant "wickedly and maliciously contriving and intending thereby to injure this plaintiff in credit and estate and to put plaintiff to great annoyance, trouble and expense," procured from the News Company an assignment to himself of the judgment first above mentioned and December 10, 1901, assigned that judgment to one Middleditch, well knowing at the time that he made the assignment that the judgment had been paid and satisfied, and intending that Middleditch should immediately thereafter bring an action upon it against the plaintiff.  That Middleditch then brought his action against the plaintiff on the judgment so assigned to him and December 20, 1901, obtained judgment thereon in the sum of $135.93, which judgment on appeal to the Circuit Court was confirmed and is now outstanding, and execution has been issued thereon and levied upon plaintiff's property.

That the defendant's acts have resulted in making the plaintiff liable to pay a second time the judgment so assigned, and were done "with malice and without probable cause and with intent to oppress and persecute this plaintiff through the forms of law",—*ad damnum* $300.

At the opening of the case the defendant's counsel moved that the action be dismissed "on the ground that neither the petition nor the opening remarks of counsel contained or disclosed facts

sufficient to constitute a cause of action." Exception was taken to the denial of this motion. Defendant also excepted to the form and substance of the verdict and to the denial of his motion that a verdict be directed in his favor.

In the brief of plaintiff's counsel the motion to dismiss the complaint is noticed by the mere remark, "There was no demurrer filed but were it otherwise the complaint sets forth a cause of action which insures against dismissal."

In some jurisdictions a motion to dismiss appears to serve the same purposes as a demurrer. The practice of filing a motion to dismiss instead of a demurrer has not become established here, but as the defendant filed a formal demurrer in the District Court we will consider this motion in the Circuit Court on appeal, as a demurrer.

The contention of the defendant is that Middleditch in bringing an action on a judgment assigned to him in ignorance that the judgment had been paid and satisfied did no wrong for which he could be held liable, and that the defendant Berrey is not liable for any injurious consequences resulting to this plaintiff from the action brought by Middleditch.

How far the averments in the complaint would justify the inference that the defendant by the mere assignment of a judgment to Middleditch was responsible for an action brought upon it it is unnecessary to decide in the view that we take of this case, which is, that the complaint discloses no cause for which this defendant could have been held liable if he had himself brought the suit complained of.

Assuming for the purpose of this argument that the complaint sufficiently avers that the defendant instigated or procured the bringing of the suit which is complained of, the case presented by the pleadings is that the suit was successful although based upon a claim which the defendant knew had been satisfied.

Upon the question whether a false and malicious suit gives to the defendant a right of action for damages unless the suit involved the arrest of the defendant or seizure of property or some special grievance manifestly importing legal damage other

than such as is incident to the ordinary defense of a suit there is considerable diversity of American judicial opinion.

But even the courts which hold that an action lies if no other injury is done than to vex and annoy a defendant and cause him the expense of engaging counsel uniformly hold that the suit complained of shall terminate in favor of the defendant before he can bring an action against the plaintiff for its malicious prosecution.

The reason for this requirement is variously stated. It is not until the suit is ended that it can be judicially ascertained whether it is justifiable or brought in malice and without probable cause. Malice alone is not enough; there must also be want of probable cause for bringing the action to make one liable for its malicious prosecution.

"Or, as the reason has more commonly been stated, if the suit for the alleged malicious prosecution should be permitted before the prosecution itself is terminated, inconsistent judgments might be rendered,—a judgment in favor of the plaintiff in the action for the prosecution and a judgment against him in that prosecution; and it is often said that judgment against the party prosecuted would show the prosecutor had reasonable ground for his conduct. The judgment would, according to this view, show that the prosecutor had violated no duty to the other party." Bigelow on Torts, 72.

Unless the doctrine of *res judicata* applies in such matters litigation might be interminable, and therefore the requirement of the law is imperative that the first action shall have terminated in favor of the defendant in order to give him a right to sue the plaintiff on the ground that the action was brought maliciously and without probable cause.

The plaintiff in this case was unsuccessful in her defense of the former case. It is immaterial whether the defense that the judgment on which the suit was brought had been paid was not presented at all or was not sustained by the proofs or was erroneously held by the trial judge to be bad in law. The plaintiff had her day in court in that case and cannot sustain this action

by a re-trial of the case which she lost, upon any theory of a malicious prosecution of that case.

The plaintiff's counsel, however, claims that the case is of the nature of an action for the malicious abuse of process.

There is no abuse of process in bringing or (in the absence of conspiracy) causing another to bring an action on a false claim and obtaining judgment thereon and levying execution upon it. An action for malicious abuse of process does not require a termination of the proceeding complained of nor want of probable cause for its institution.

"In this connection, attention should be directed to actions for abuse of the process of the courts. An action is given by law for such an action without requiring the plaintiff to prove either the termination of the proceeding in which the abuse of process has taken place, or the want of probable cause for instituting that proceeding. * * * To maintain such an action, however, the plaintiff's case must be something other than a proceeding for a malicious prosecution. The ground of action must be, not a false prosecution (that is, a prosecution upon a demand or accusation which has no foundation in fact), but an unlawful use of legal process." Bigelow, *supra,* 89, 90.

But it is essential to such actions that something shall have been done under color of process which the process was not intended to authorize or permit.

"There is a distinction between a malicious use and a malicious abuse of legal process. An abuse is where the party employs it for some unlawful-object, not the purpose which it is intended by the law to effect; in other words, a perversion of it." *Mayer v. Walter,* 64 Penn. 286.

Bigelow gives as instances of abuse of process, levying an execution for double the amount due, and the wrongful levy of an attachment. *Sommer v. Wilt,* 4 S. & R. 191; *Stewart v. Cole,* 46 Ala. 646.

The author adds, however, "These are cases of the wrongful resort to rather than of abuse of process." In the former of the cases just cited, the defendant had directed the sheriff "to levy nearly double the sum due on a judgment obtained by the defendant against the plaintiff, and causing the sheriff so to levy and

to sell the goods of the plaintiff to an amount exceeding the sum due on which the execution was issued." The execution was issued on a judgment which had been confessed on a bond in the sum of $12,400 conditioned for the payment of $6,200. The goods levied on to the amount of $11,997.50 were chiefly merchandise, sold at a great sacrifice.

That was a case of intentional use of a legal judgment for an illegal purpose, since the penalty in the bond was merely to secure the amount of the actual debt.

*Barrett v. Reed,* 51 Penn. 190, was a case of maliciously taking out execution on a judgment against the plaintiff known by the defendant to have been paid. The court held that, "If the defendant knew that the debt had been paid, it was an abuse of legal process to attempt to enforce the payment of the judgment and collect the debt again. The issue of the execution under such circumstances was not a lawful act."

"The common law action for abusing legal process is confined to the use of process for the purpose of compelling the defendant to do some collateral thing which he could not lawfully be compelled to do." *Johnson v. Reed,* 136 Mass. 421.

In this case there are none of the elements of an action for malicious abuse of civil process, nor are we able to find in the case a statement of any actionable wrong on the part of this defendant. While it is true that an unsuccessful prosecution of a false and malicious suit may cause great injury for bringing which suit civil liability may be incurred and that a successful suit would do still more harm, yet litigation must end somewhere. To allow a defendant who has lost his case to sue the plaintiff for damages on the ground that the plaintiff's claim was false and malicious would give him his day in court a second time with no good result to our system of administering justice in courts of law.

Upon the averments in this complaint this plaintiff had a perfectly good defense in law, if it was true in fact, to the suit which the defendant brought against her. A purchaser of a judgment which has been paid, although without notice of the

payment, is not immune from the defense of payment. He is not like a *bona fide* purchaser for value or a purchaser of negotiable paper not overdue. The plaintiff's remedy for failure to make good her defense of payment, whether in fact or in law, is not by an action for malicious prosecution or for abuse of process.

The following cases discuss the questions involved in the present case: See *Closson v. Staples,* 42 Vt. 209; *Bitz v. Meyer,* 40 N. J. L. 252; *Quartz Hill Gold Mining Co. v. Eyre,* 11 Q. B. Div. 674; *Cottrell v. Jones,* 11 C. B. 1113; *Smith v. Burrus,* 106 Mo. 94; *Pangburn v. Bull,* 1 Wendell 345; *Antcliff v. June,* 81 Mich. 477. See also Pollock on Torts, 6th Edition, 1901, page 307, *et seq.*

The views here expressed make it unnecessary to consider the effect of the verdict in its apparent elimination of the essential ingredient of malice.

The exception to the denial of the motion to dismiss the complaint is sustained, the verdict is set aside and judgment for the defendant *non obstante* is ordered, and the cause is remanded to the Circuit Court for that purpose.

*C. W. Ashford* for plaintiff.

*T. McCants Stewart* for defendant.