618 F.2d 618
 PEOPLE OF the STATE OF CALIFORNIA ex rel. Evelle J. YOUNGER,
Attorney General, Plaintiff/Appellant,
v.
Giles W. MEAD; Cecil D. Andrus, Secretary of the Interior;
Gerald E. Hillier, Manager, Riverside District,
Bureau of Land Management, Defendants/Appellees.
COUNTY OF SAN BERNARDINO MUSEUM, Plaintiff/Appellant,
v.
SMITHSONIAN INSTITUTION, an independent agency created
pursuant to 20 U.S. Code 41 et seq.; S. Dillon Ripley,
Secretary of the Smithsonian Institution; the Honorable
Cecil Andrus, Secretary of Interior, Edwin Hastey, State
Director of the Bureau of Land Management of the Department
of Interior; Curt Berkland, Head of the Bureau of Land
Management; Gerald Hillier, District Manager of the Bureau
of Land Management for the Riverside District; William L.
Carpenter, Director of Department of Interior; Does I thru
V, Defendants/Appellees.
PEOPLE OF the STATE OF CALIFORNIA ex rel. Evelle J. YOUNGER,
Attorney General, Plaintiff/Appellee,
v.
Giles W. MEAD; Cecil D. Andrus, Secretary of the Interior,
et al., Defendants/Appellees.
COUNTY OF SAN BERNARDINO MUSEUM, Plaintiff/Appellant,
v.
SMITHSONIAN INSTITUTION et al., Defendants/Appellees.
PEOPLE OF the STATE OF CALIFORNIA ex rel. Evelle J. YOUNGER,
Attorney General, Plaintiff/Appellant,
v.
Giles W. MEAD; Cecil D. Andrus, Secretary of the Interior,
et al., Defendants/Appellees.
COUNTY OF SAN BERNARDINO MUSEUM, Plaintiff/Appellee,
v.
SMITHSONIAN INSTITUTION et al., Defendants/Appellees.
 Nos. 78-1680, 78-2046, 78-3099 and 78-3170.
 United States Court of Appeals,
Ninth Circuit.
 May 15, 1980.
 
 Daniel P. Selmi, Los Angeles, Cal., Richard W. Strong, San Bernardino, Cal., for People of State of Cal.
 Robert W. Frantz, Washington, D. C., Norman N. Flette, Los Angeles, Cal., argued for Mead; Robert L. Klarquist, Washington, D. C., Daniel P. Selmi, Los Angeles, Cal., on the brief.
 Appeal from the United States District Court for the Central District of California.
 Before KENNEDY and FARRIS, Circuit Judges, and THOMPSON, District judge*.
 FARRIS, Circuit Judge.
 
 
 1
 The State of California and the San Bernardino County Museum appeal the dismissal for failure to state a claim of their suit which sought to declare invalid a permit issued to the Smithsonian Institution under the Antiquities Act, 16 U.S.C. § 432, for removal and study of the "Old Woman Meteorite." They also appeal the denial of their motion for a preliminary injunction to enjoin removal of the meteorite from the State of California. We affirm.
 
 
 2
 On a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts alleged in the complaint must be accepted as true. California Dump Truck Owners Ass'n v. Associated General Contractors, 562 F.2d 607, 614-15 (9th Cir. 1977). The complaints in this consolidated suit alleged the following pertinent facts.
 
 
 3
 In 1976 a 6,070 pound meteorite was found on federal land in the Old Woman Mountain Range in Southern California. Thereafter, the Department of Interior and the Bureau of Land Management consulted with the Smithsonian Institution to determine the procedures to be followed to transfer the Old Woman Meteorite to the Smithsonian. This correspondence culminated in a letter dated December 21, 1976 from the Secretary of the Interior authorizing the Smithsonian Institution to remove and study the meteorite.
 
 
 4
 The meteorite was removed from its site on June 17, 1977 and placed on public exhibition in the San Bernardino County Museum for one week and in the Los Angeles County Museum of Natural History for six days in mid-July. The museum applied for a permit under the Antiquities Act, 16 U.S.C. § 432, to retain the meteorite and brought suit in the Federal District Court for the Central District of California to enjoin the removal of the meteorite from California and to void the permit issued to the Smithsonian Institution. The State of California brought a similar suit in state court which was removed to the federal district court. These actions were consolidated. The district court refused to issue an injunction and granted the Secretary's motion to dismiss the actions. The county museum and the State appealed both decisions.
 
 
 5
 The State and the museum contend that the court had jurisdiction and that their complaints stated the following claims based on the manner in which the Secretary of the Interior authorized the Smithsonian to remove the meteorite. 1) The Secretary violated the Antiquities Act by failing to notify other museums of the meteorite's existence. 2) The Secretary violated the regulations issued under the Act, 43 C.F.R. § 3.1 et seq., because no valid application was made by the Smithsonian. 3) The Secretary violated the Federal Land Policy and Management Act by failing to consult with state and local officials. 4) The Secretary violated the Administrative Procedure Act, 5 U.S.C. § 551 et seq., and the museum's Fifth Amendment right to due process because no hearing was held. 5) The Secretary violated the museum's Fifth Amendment right to equal protection by contacting only the Smithsonian about the meteorite. The State and the museum also contend that the denial of their motions for a preliminary injunction was based on an error of law.
 
 JURISDICTION
 
 6
 While we will not set aside an agency's informed judgments if those judgments are committed to agency discretion, we will review an agency's action for alleged violations of constitutional, statutory, regulatory or other legal mandates. Ness Investment Corp. v. United States Dept. of Agriculture, 512 F.2d 706, 714 (9th Cir. 1975). Here the State and the museum allege violations of statutory, regulatory and constitutional law.
 
 THE ANTIQUITIES ACT
 
 7
 The State of California contends that the Antiquities Act was intended by Congress to grant all qualified institutions an equal right to study and exhibit objects of antiquity. It argues that under this interpretation, the Act was violated when the officials of the Department of the Interior contacted the Smithsonian and not other institutions about the meteorite. The State contends that this congressional intent is clear from legislative history which shows that at the time the Antiquities Act was passed, Congress rejected another bill that would have given the Smithsonian Institution some control over antiquities permits. We disagree.
 
 
 8
 We interpret the Act and its legislative history to give the Secretary of the Interior broad discretionary power to dispose of objects of antiquity found on federal land under his jurisdiction. The Act states that permits "may be granted by the Secretaries of the Interior, Agriculture, and Army to institutions which they may deem properly qualified . . . ." (Emphasis added.) 16 U.S.C. § 432. The only limitations on that discretion imposed by the Act are contained in the proviso. It requires that the permits be given only to "reputable museums, universities, colleges, or other recognized scientific or educational institutions, with a view to increasing the knowledge of such objects, and that . . . permanent preservation (be) in public museums." Id. There is no contention here that these requirements were not met.
 
 THE REGULATIONS
 
 9
 The State and the museum contend that the Secretary violated the regulations issued pursuant to the Antiquities Act, 43 C.F.R. § 13.1 et seq., by authorizing removal of the meteorite by the Smithsonian when the Smithsonian had not filed an application in compliance with 43 C.F.R. § 13.5. They argue that the regulations establish a scheme for the issuance of antiquities permits which requires the Secretary to seek out and choose between competing applications. They imply that the Secretary has no power to act until a formal application is received. We disagree. Although the regulations establish a uniform method of applying for antiquities permits, they do not limit the Secretary's ability to act in absence of applications, as was the case here, nor do they require that the Secretary solicit applications.
 
 THE FEDERAL LAND POLICY AND MANAGEMENT ACT
 
 10
 The State of California contends that the Secretary failed to comply with sections 202(f) and 309(e) of the Federal Land Policy and Management Act, 43 U.S.C. §§ 1712(f) and 1739(e), by not consulting with state and local officials. However, neither section is applicable here because the Secretary was not acting pursuant to that Act.
 
 THE RIGHT TO A HEARING
 
 11
 The museum contends that the Secretary violated the Administrative Procedure Act and its Fifth Amendment right to due process by not holding a hearing prior to authorizing the Smithsonian to remove the meteorite. The Secretary's action here was not the type of "quasi judicial" proceeding requiring a hearing under the A.P.A. See Marathon Oil v. Environmental Protection Agency, 564 F.2d 1253, 1261-64 (9th Cir. 1977). Further, the complaining parties have not demonstrated the kind of interest in the meteorite which entitles them to a hearing as a constitutional right. See Pan American World Airways, Inc. v. United States District Court, C.D. Calif., 523 F.2d 1073, 1077 (9th Cir. 1975).
 
 EQUAL PROTECTION
 
 12
 There is no merit to the museum's contention that the Secretary's actions constituted invidious discrimination in violation of the equal protection clause of the Fifth Amendment. The status of the Smithsonian Institution as a national museum, created by an act of Congress, provides a rational basis for the Secretary to choose to contact the Smithsonian (as opposed to another institution) about the meteorite. See Marshall v. United States, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1973); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).
 
 
 13
 Dismissal was proper because the complaints failed to state a claim upon which relief could be granted. We therefore do not reach the question of whether denial of the motions for a preliminary injunction was proper.
 
 
 14
 Affirmed.
 
 KENNEDY, Circuit Judge, dissenting:
 
 15
 One cannot get too upset over the result the court reaches. I have little doubt that eventually the Secretary can put this block, this stone, this worse than senseless thing in just about any museum he pleases and still justify his choice under the regulations. The Secretary ought to be able to act in such matters without much interference from us. The problem in the case is that, until pressed to acknowledge otherwise at oral argument before this court, the Secretary tried the case on the bold theory that he is free to exercise a discretion that is unencumbered by a statute and a regulation that bear directly upon the subject, even though he uses the statute to justify the ultimate, but not the mediate, actions he took in the case.
 
 
 16
 The appellants argue that the Secretary misinterpreted the regulations to allow issuance of a permit without making reasonable allowance for competing applications and that he misconstrued the statute to grant an automatic preference to the Smithsonian. Both of these allegations raise issues for judicial determination, yet neither seems to be addressed or determined by the majority opinion. I dissent, therefore, from failure to remand for further proceedings in the district court. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); Standard Oil Co. v. FTC, 596 F.2d 1381 (9th Cir. 1979), cert. granted, --- U.S. ----, 100 S.Ct. 1077, 63 L.Ed.2d 318 (1980); East Oakland-Fruitvale Planning Council v. Rumsfeld, 471 F.2d 524, 531-35 (9th Cir. 1972).
 
 
 17
 Judicial review is made necessary only by the curious position taken by the Secretary.
 
 
 
 *
 Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation