Hugh V. SMITH, Jr., Plaintiff,

v.

Charles H. HURD; C.F. Damon, Jr.;
Charles W. Key; Vernon F.L. Char;
Clinton K.L. Ching; R. Charles Bocken;
Denis C.H. Leong; Kenneth R. Kup-
chak; Steven H. Levinson; Diane D.
Hastert; Ronald R. Sakamoto; Michael
A. Yoshida; Dean E. Ochiai; David
M.K. Lum; Denise C.H. Nip; John S.
Rapacz; Damon, Key, Char & Bocken,
a Hawaii professional (law) corpora-
tion; Eric Nagano; Bal Corporation, a
Hawaii corporation; Ilekea, Inc., a Ha-
waii corporation; Marshall Island In-
vestment Company, a Marshall Islands
corporation; Lahaina Shores Village
Company, a Hawaii corporation; Acad-
emy Limited Partners, a Hawaii limited
partnership and Spafford and Ishizaki,
Inc., a Hawaii corporation, Defendants.

Civ. No. 88–00147 HMF.

United States District Court,
D. Hawaii.

Nov. 30, 1988.

Ronald Amemiya, Honolulu, Hawaii and Justice Smyth, III, Robison & Belser, Montgomery, Ala., for plaintiff.

James F. Ventura, Libkuman, Ventura, Ayabe, Chong & Nishimoto, Honolulu, Hawaii, for Charles H. Hurd.

Renton Nip, Foley, Maehara, Judge & Nip, Honolulu, Hawaii, for Eric Nagano, Bal Corp., Ilekea, Inc., Marshall Island Inv. Co., LaHaina Shores Village Co., Academy Ltd. Partners and Spafford & Ishizaki, Inc.

James Duffy, Jr., Colbert Matsumoto, Fujiyama, Duffy & Fujiyama, Honolulu, Hawaii, for C.F. Damon, Jr., Charles W. Key, Vernon F.L. Char, Clinton K.L. Ching, R. Charles Bocken, Denis C.H. Leong, Kenneth R. Kupchak, Steven H. Levinson, Diane D. Hastert, Ronald R. Sakamoto, Michael A. Yoshida, Dean E. Ochiai, David M.K. Lum, Denise C.H. Nip, John S. Rapacz and Damon, Key, Char & Bocken.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

FONG, Chief Judge.

### BACKGROUND

This malicious prosecution action arises out of the prosecution of claims asserted against Hugh Smith in the case of *Nagano v. Ledbetter*, Civil No. 85–0211 (hereinafter "*Nagano*"). Defendants in this case include those parties named as plaintiffs in the *Nagano* case, as well as Charles Hurd, the law firm of Damon Key Char & Bocken, and the individual members of that law firm. The complaint in this case contains five counts. Counts I and II allege malicious prosecution, count III alleges abuse of process, counts IV and V allege negligence.

The *Nagano* case, which is the foundation for the present case, has had somewhat of a tumultuous procedural history. The *Nagano* plaintiffs filed their initial complaint on March 6, 1985. Along with their complaint, the *Nagano* plaintiffs filed an ex parte motion to seal, which the court granted. The court removed the seal on September 29, 1986. The *Nagano* plaintiffs filed a First Amended Complaint on January 7, 1987. The First Amended Complaint added one count which pertained to Smith, and it amended one existing count to include Smith. The *Nagano* plaintiffs served Smith with the complaint for the first time on January 29, 1987.

Smith moved to dismiss the First Amended Complaint on February 27, 1987. On May 12, 1987, the *Nagano* plaintiffs filed a Second Amended Complaint. The complaint added two counts which pertained to Smith, and it amended six existing counts to include Smith.

On July 1, 1987, Smith moved for dismissal or summary judgment on the Second Amended Complaint. The *Nagano* plaintiffs then moved for leave to file a Third Amended Complaint. In drafting the proposed Third Amended Complaint, the *Nagano* plaintiffs deleted five counts asserted against Smith. The court heard Smith's motions on September 8, 1987. The court dismissed one count against Smith, and granted summary judgment on two other counts. The court declined to address the counts that the *Nagano* plaintiffs sought to delete by way of a Third Amended Complaint.

The *Nagano* plaintiffs filed their Third Amended Complaint on October 30, 1987. Only two counts remained against Smith. Smith moved to dismiss those two counts on November 16, 1987. By order filed March 17, 1988, the court dismissed the complaint in *Nagano* as to defendants Smith, Walden, Aetna, and Pappas for failure to serve the defendants within the 120-day time period prescribed by Fed.R.Civ.P. 4(j).

Defendants in the present law suit now move the court to dismiss Smith's complaint for failure to state a claim upon which relief can be granted.

Defendants argue that the court should dismiss Smith's malicious prosecution claims because the *Nagano* case has not been finally resolved in Smith's favor. Alternatively, defendants argue that the court should stay this action pending a final resolution of the claims in the *Nagano*

case. Defendants argue that the court should dismiss count III because it fails to state a claim for abuse of process. As to counts IV and V, defendants argue that there is no cause of action for negligence against an attorney who brings a groundless suit against another party.

### DISCUSSION

#### A. Standard of Review

The defendants have brought their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Rule 12(b) of the Federal Rules of Civil Procedure provides in part as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted....

In considering a 12(b)(6) motion to dismiss, the general rule is that a complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir.1980); *California ex. rel. Younger v. Mead*, 618 F.2d 618, 620 (9th Cir.1980).

■ In evaluating a complaint, the court must presume all factual allegations to be true and draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

#### B. Malicious Prosecution

■ The Hawaii Supreme Court has established that three elements are necessary to a cause of action for malicious prosecution: (1) the prior proceedings were terminated in the plaintiff's favor; (2) the prior proceedings were initiated without probable cause; and (3) the prior proceedings were initiated with malice. The plaintiff in a malicious prosecution action must prove all three elements. *Myers v. Cohen*, 67 Haw. 389, 688 P.2d 1145 (1984).

The defendants in the present case argue that Smith's complaint fails to satisfy the first element of a malicious prosecution action because the prior proceedings have not been terminated in the plaintiff's favor. Smith argues that the various claims asserted against him have been favorably terminated by summary judgment, dismissal under Rule 12(b), voluntary dismissal by amendment of the complaint, and dismissal under Rule 4(j). Defendants argue, however, that the action is not "terminated" until the appellate process has been exhausted. The time for appeal of the court's dismissal of the claims against Smith has not passed. *See* Federal Rules of Appellate Procedure 4(a)(2). Thus, if termination of appellate process is required, Smith's malicious prosecution claims are premature and it is unnecessary to reach the issues regarding favorable termination.

The Hawaii courts have not specifically ruled whether appellate disposition is necessary to terminate a case for purposes of a subsequent malicious prosecution action. In the absence of controlling state law, a "federal court sitting in diversity must use its own best judgment in predicting how the state's highest court would decide the case." *Takahashi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir. 1980). In *Myers v. Cohen*, the Hawaii Intermediate Court of Appeals stated that the first element of a malicious prosecution action is satisfied if the plaintiff can show that the prior proceeding has terminated "in such a manner that it cannot be revived." 5 Haw.App. 232, 237, 687 P.2d 6, 11 (1984) (quoting W. Prosser, *Law of Torts* § 120 (4th ed. 1971)), *rev'd on other grounds*, 67 Haw. 389, 688 P.2d 1145 (1979). While the *Myers* court did not address the issue now before this court, the

language it employed strongly indicates that the Hawaii courts would require exhaustion of appellate process before commencement of a malicious prosecution action.

A rule requiring exhaustion of appellate process is supported by the *Restatement (Second) of Torts*. Section § 674(b) of the Restatement addresses the termination requirement in malicious prosecution cases based on an underlying civil action. Comment *j* to that section states that "[i]f an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail." The *Restatement* provides a reliable guide to the better rule of law in the absence of controlling case law. In addition, the weight of authority in other jurisdictions holds that an action has not been favorably terminated until the time for appeal has passed or the appeal has been decided. See *Moran v. Klatzke*, 140 Ariz. 489, 682 P.2d 1156 (Ct.App.1984); and cases cited therein. This rule promotes the interests of judicial economy and consistency. Given the opposite rule, if the appellate court were to reverse the trial court in the underlying action, the trial court would face the dilemma of having either to allow both suits to proceed, or to dismiss the malicious prosecution action. Either course of action would result in confusion and an unwarranted waste of judicial resources.

■ For the forgoing reasons, this court holds that an action is not favorably terminated until it has been finally decided on appeal or the time for appeal has passed. Since the time for appeal has not passed in the *Nagano* case, Smith fails to meet an essential element of his malicious prosecution claim at this time. Thus, counts I and II of his complaint are diamissed without prejudice.

## C. Abuse of Process

■ A claim for abuse of process is qualitatively different from a claim for malicious prosecution. An action for malicious abuse of process does not require termination of the underlying proceeding, nor does it require lack of probable cause. *Wilcox v. Berrey*, 16 Haw. 37, 42 (1904). In an abuse of process case, the underlying action may be fully justified on its legal merits, but it is instituted for an objective other than that which the proceedings are designed to accomplish. As noted by the Hawaii Supreme Court,

The common law action for abusing legal process is confined to the use of process for the purpose of compelling the defendant to do some collateral thing which he could not lawfully be compelled to do.

*Wilcox*, 16 Haw. at 43 (quoting *Jonson v. Reed*, 136 Mass. 421 (1884)).

Smith's claim for abuse of process cannot be dismissed for failure to state a claim unless he could prove no set of facts in support of his claim which would entitle him to relief. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). In his complaint, Smith alleges that the defendants misused this court's civil process for the unlawful purpose of "the extortion of money or the extraction of a monetary settlement from the Plaintiff herein ... when the Defendants, and their counsel, knew, or should have known, that no monetary payment of any kind was merited on the part of Plaintiff Smith." Complaint at ¶ 69.

Defendants argue that Smith's claim for abuse of process fails to meet the standards set forth in Hawaii case law. *See Myers v. Cohen*, 5 Haw.App. 232, 687 P.2d 6 (1984), *rev'd on other grounds*, 67 Haw. 389, 688 P.2d 1145 (1979). In *Myers*, the plaintiff brought an abuse of process claim based upon the allegation that a counterclaim asserted against him was filed "as part of a scheme to extort money." The court found that summary judgment was proper because plaintiff had failed to show a collateral objective. In ruling on this issue, however, the court found that plaintiff's use of the word "extort" was an overstatement and that his true theory was that the counterclaim was frivolous and filed with the objective to obtain a settlement. *Id.* at 243, 687 P.2d at 15. The court went on to find that even if the counterclaim was frivolous, the purpose of

settlement is not an improper collateral objective. *Id.* at 244, 687 P.2d at 15.

In the present case, like in *Myers*, plaintiff argues that the alleged extortion of money or extraction of a monetary settlement constitutes the collateral objective. *Myers* makes clear that under Hawaii law, extraction of a monetary settlement does not constitute an improper collateral objective. But, while the court in *Myers* also rejected the plaintiff's allegation that extortion constituted the improper collateral objective, it did so on the merits; the court found that plaintiff's use of the word "extort" overstated the facts in that particular case. The *Myers* court did not preclude reliance on extortion as the collateral objective in a proper case.

■ Therefore, the court finds that Smith alleges the necessary elements for abuse of process and the court cannot at this time preclude the possibility that Smith might prove a set of facts to support his allegations. Accordingly, defendants' motions to dismiss Smith's claim for abuse of process under Rule 12(b)(6) are denied.

### D. Negligence

In response to defendants' motions to dismiss, Smith cites no legal authority to support his claims for negligence. Instead, he asks the rhetorical question, "[i]f the duty imposed by the Rules of Professional Conduct do not create an obligation which runs from all attorneys to the members of the public, and specifically to persons who are injured by breaches of the obligation, *then to whom is the duty owed?*" (emphasis in the original). The answer to this question is found in *Myers v. Cohen*, in which the Hawaii Intermediate Court of Appeals stated that "creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest. Not only would the adversary's interests interfere with the client's interests, the attorney's justifiable concern with being sued for negligence would detrimentally interfere with the attorney-client relationship." 5 Haw.App. 232, 246, 687 P.2d 6, 16 (1984) (quoting *Friedman v. Dozorc*, 412 Mich. 1, 24, 312 N.W.2d 585,

591), *rev'd on other grounds*, 67 Haw. 389, 688 P.2d 1145 (1979).

■ Defendants have cited a number of cases from other jurisdictions which totally discredit Smith's claim for relief on a negligence theory. Aside from the host of policy considerations which militate against the cause of action advocated by Smith, this court is persuaded that the Hawaii courts have never recognized such a cause of action, and in fact rejected such a cause of action in *Myers v. Cohen*. The court will thus decline to consider it here. *See Wolk v. Saks Fifth Avenue, Inc.*, 728 F.2d 221, 223 (3rd Cir.1984) (a federal court sitting in diversity should avoid creating any new causes of action). Accordingly, Smith's claim for relief under counts IV and V of his complaint are dismissed.

In order to avoid duplicative litigation in this matter, and also to avoid discovery that would tend to interfere with the resolution of the underlying litigation, any further action with regard to count III of Smith's complaint is hereby stayed pending final resolution of *Nagano v. Ledbetter*, Civil No. 85–0211.

### CONCLUSION

Defendants' motions to dismiss counts I and II of Smith's complaint for malicious prosecution are granted because the underlying action has not been terminated in Smith's favor. Defendants' motions to dismiss counts IV and V for negligence are dismissed because Hawaii courts have not recognized a cause of action for negligence by an opponent's attorney. Defendants' motions to dismiss count III for abuse of process are denied; however, further action regarding that claim is stayed pending final resolution of the underlying litigation.

IT IS SO ORDERED.