## JOHN KALAUKOA *v.* WILLIAM HENRY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 4, 1898.            DECIDED JUNE 1, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

It is not proper cross-examination to ask questions of a witness not relating to anything testified to by him on the direct.

Facts testified to tending to show a want of probable cause for the arrest complained of, reviewed.

Tax Collectors are not protected from suits if they issue warrants of arrest of delinquent taxpayers without probable cause and with malice.

OPINION OF THE COURT BY JUDD, C. J.

This is an action of damages for malicious prosecution tried in the Circuit Court, First Circuit, with a mixed jury, who found a verdict for the plaintiff in the sum of one hundred and fifty dollars. The defendant brought a bill of exceptions to this Court. Defendant is tax assessor and collector for the District of Koolaupoko, Oahu, No. 1, and the plaintiff having been assessed for personal taxes for the year 1897 in that district had not paid them there. On the 30th of June, defendant issued his warrant of arrest for defendant. The warrant alleges that "whereas John Kalaukoa of Kailua, Oahu, has neglected and failed to pay the sum of five 50-100 dollars assessed upon him for personal taxes for the year 1897, now due and unpaid and no property being found belonging to the said John Kalaukoa whereon to levy by distress," the officer is directed to forth-

with arrest the said John Kalaukoa and take him before the District Magistrate of the District to show why he should not be sentenced to imprisonment at hard labor until he discharge the amount of the tax and costs.

The first two exceptions are to the refusal of the court to allow defendant's counsel in cross-examination to ask the deputy sheriff and the District Magistrate respectively, if they knew whether the defendant (W. Henry) "had any ill will or malice or anything of the kind to the plaintiff Kalaukoa." It was not proper cross-examination, plaintiff not having introduced from these witnesses any evidence of actual malice or ill will against plaintiff on the part of the defendant.

Exception three is to the court's refusal to allow a witness to be asked on cross-examination if he knew whether Kalaukoa customarily resided in the District of Kaneohe, Koolaupoko. The question was disallowed because not proper cross-examination. The court was right; the question was not responsive to anything brought out on the direct examination.

Exception four. The court refused to allow defendant's counsel on cross-examination of the plaintiff to ask him the question, "Within the last five years, outside of the time you were arrested and compelled by process of law to pay your taxes, have you ever gone and paid your taxes voluntarily?" This question was properly rejected, for it was not material, and to show what his habit in respect to paying taxes were could not affect the issue before the court and jury.

Exception five. When the plaintiff had closed, the defendant asked for a non-suit on three grounds, (a) "No evidence of malice to go to the jury, nor any facts proven from which a jury could infer malice. (b) No evidence of the want of reasonable and probable cause. The burden is upon the plaintiff to show want of reasonable and probable cause and malice." These two points we will consider later. The third ground of non-suit is (c) "That Henry's acts in assessing the defendant and collecting the tax were of a judicial character. He was acting under

a statute and he is protected by that statute. Unless upon the face of the warrant the process is void and therefore there was absolutely no jurisdiction to issue the warrant. If he had any authority to issue the warrant the Act protects him."

It does not seem to us that the statutory authority granted tax collectors to issue tax warrants makes them judicial officers. But whether they are judicial officers or not, they are amenable to suits if they issue process of arrest without probable cause and with malice.

Exception six. Counsel for defendant excepted to the verdict as being contrary to law and the evidence and the weight of evidence. This necessitates consideration of the evidence as bearing upon this question as well as upon the first two points upon which the motion for a non-suit was grounded.

The plaintiff was delinquent for his personal taxes. The tax assessor had in January, 1897, visited plaintiff at Kailua and assessed him for personal taxes, and (after inquiries) did not enroll his property as subject to taxation because it was not worth over $300, the amount exempted by law. It does not appear that plaintiff's personal taxes were then demanded, though by law they were then due. In June the taxes were demanded. The defendant says that plaintiff said he had "paid his taxes in Honolulu," which upon investigation by defendant proved to be untrue. Defendant again asked about the 25th June for the taxes and the same reply was again made by plaintiff. Defendant asked him to produce his receipt and on plaintiff's giving an evasive answer, saying, "I've got my receipt; I have paid my taxes," on the 30th of June defendant issued a warrant for his arrest, gave it to an officer and told him to serve it. He did not believe plaintiff when he said he had paid his taxes.

The deputy sheriff, Pahia, says that about a month before the arrest plaintiff said to defendant when asked for his taxes that "he had paid them in Honolulu." On the other hand plaintiff testified that the answer he returned to defendant was, that he paid his taxes either in Honolulu or Kohala, and that

he was not asked by defendant before the 30th of June to produce his tax receipt but his dog tax receipt and that he, on the day of arrest, was asked for the first time to produce his receipt for his personal taxes. He testified that he replied that the receipt was in Honolulu and if he was allowed a reasonable time he would produce it, but no time was given him and defendant immediately made out a warrant upon which he was arrested. The officer to whom the warrant was passed for execution says · that plaintiff had come on horseback to the court-house and jail yard that morning; he dismounted, hitched his horse to the fence and came within the enclosure; defendant seeing him went to his own house and came back and gave a warrant to witness who read the same to plaintiff who said he "had paid his taxes and that his receipt was in Honolulu." That they rang up by telephone some one in Honolulu and the reply received was that the receipt would be brought over. The officer then locked plaintiff up in a close cell and in an hour's time the Attorney-General ordered him by telephone from Honolulu to release the plaintiff as he had seen the tax receipt himself. Plaintiff was then released and the next day when his case was called in the District Court the deputy sheriff and defendant asked that it be dismissed as they had seen the tax receipt. It was produced before the jury and bears date March 12, 1897, showing that the tax was paid in Kohala, Hawaii.

All this evidence went to the jury as evidence tending to show a want of probable cause for the prosecution and arrest. The statutes does not allow a process of arrest to issue for personal taxes unless no property can be found belonging to the taxpayer whereon to levy. When we consider that the defendant made no explanation why he did not seize and levy upon the horse and its equipments which were in plaintiff's possession standing at the enclosure of the court house, in plain view, but proceeded immediately to make out the warrant and that he ordered the confinement of the plaintiff, which apparently was not necessary, and did not remain at the court house to learn

what answer plaintiff made when the warrant was read to him but rode away, the jury had some evidence from which to find that defendant had no probable cause for believing that plaintiff had not paid his taxes, and that his actions were malicious. By all the authorities malice may be inferred from a want of probable cause and the jury were properly so instructed. It was undoubtedly true that defendant did not believe the plaintiff and plaintiff's answers do not show any effort on his part to explain fully to the collector the real facts of the case and save an arrest. He knew he had paid his taxes but did not produce the receipt and left defendant to his remedy, though he knew it might involve his own arrest. Such actings should not admit of a verdict of much amount. But we are not asked to set the verdict aside as excessive.

Much stress is laid by counsel for defendant upon the court's refusal to give the instruction number XI., asked for, as follows: "If you find the facts in the possession of Henry at the time of the issuing of the warrant were such as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the plaintiff was a delinquent taxpayer then you will find a verdict for the defendant. Chief Justice Shaw in *Bacon v. Town*, 4 Cushing 238." But the judge charged that "probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person who is arrested was guilty." This is substantially a statement of the law contended for by defendant.

We find no error in the charge to the jury; all proper instructions asked for by defendant were given substantially by the court.

We overrule the exceptions.

*C. Creighton* for plaintiff.

*G. A. Davis* and *E. P. Dole* for defendant.