## JOHN GASPAR *v.* J. K. NAHALE.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

SUBMITTED JANUARY 6, 1903.        DECIDED FEBRUARY 12, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Probable cause as ground for a suit for malicious prosecution does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution.

A judgment for the defendant is found to be supported by the evidence and the exception is overruled.

### OPINION OF THE COURT BY GALBRAITH, J.

This is an action for damages in the sum of ten thousand dollars for malicious prosecution. A jury trial was had in the Circuit Court and a verdict returned for the defendant.

The case is brought here by a bill of exceptions. The only exception set out in the bill is the general one that the verdict and judgment was contrary to the law and the evidence and against the weight of the evidence.

The defendant was and is now deputy sheriff of the District of North Kona, Island of Hawaii, and the plaintiff was and is a resident of that district. It appears from the record that in the early part of August, 1899, complaint was made to the defendant that the plaintiff and his son and another had stolen two

head of cattle and sold them to the butcher who was preparing to slaughter them; that the defendant after investigating the complaint caused the cattle to be returned to the claimant and the accused parties to be arrested on the charge of larceny in the second degree; that after a hearing before the District Magistrate the parties were discharged; that almost two years later (July 11th, 1901) the plaintiff filed this suit. The ground of the suit is want of probable cause for instituting the prosecution and malice on the part of the defendant.

"Probable cause," said Shaw, C. J., "is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested is guilty." * * * "Probable cause does not depend on the actual state of the case, in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution." *Bacon v. Towne,* 4 Cush. 217, 238, 239.

The rule is settled that malice may be inferred by the jury from the want of probable cause. *Kalaukoa v. Henry,* 11 Haw. 430.

The only question raised by the plaintiff's exception is, does the evidence necessarily show the absence of probable cause for commencing the prosecution?

The sale of the cattle by the plaintiff is admitted but it is contended that they were wild cattle and were captured on the mountains by the boys and that they belonged to him and he had a right to sell them. On the other hand it is contended that the cattle were not wild but were gentle and had been marked and that their ears had been recently cut off for the purpose of obliterating the marks. The plaintiff claims that the ears were bitten off by dogs in the capture. The preponderance of the evidence is to the effect that the cattle were not wild and that they belonged to the claimant.

It is not shown that any ill will existed between the defendant and plaintiff at the time of the prosecution. It does appear that when complaint was made defendant telephoned the plaintiff to meet him at the house of the party who purchased the

cattle on the following morning; that they met there and then went to the place of the claimant where the cattle had been removed and examined them; that on the same day the defendant said to the plaintiff that he would probably be compelled to arrest him and the boys on the charge of theft of the cattle; that the plaintiff asked about bail and the defendant's advice about selecting a lawyer to defend them; that the warrant was issued on August 5th and the plaintiff was not arrested until two days later; that when arrested he was released on $100 cash bail although the offence charged under our statute is a felony and is punishable by two years imprisonment at hard labor or a fine not exceeding one thousand dollars (Sec. 132 P. C.); that almost two years intervened between the alleged injury and the commencement of this suit and that no action was ever commenced by the plaintiff to recover the cattle from the claimant.

From a review of the evidence it is apparent that there was ground for the existence, in the mind of the defendant, of an "honest and reasonable belief" of the guilt of the accused and that the jury were justified in the inference that there was probable cause for the prosecution and that the defendant was not prompted by malice in instituting the same.

If an officer acts honestly and with ordinary discretion in commencing prosecutions against persons accused of crime public policy forbids that he should be annoyed and harrassed by suits for malicious prosecutions even in cases where the District Magistrate may dismiss the charges. It is unfortunate for the plaintiff, if innocent, that he should have permitted himself to be surrounded with so many circumstances pointing towards guilt. This, however, was a misfortune for which the defendant is not liable in damages or otherwise. The evidence clearly supports the verdict of the jury and we find no sufficient reason for setting it aside.

The exception is overruled.

*J. M. Vivas* and *C. C. Bitting* for plaintiff.
*Jno. W. Cathcart* for defendant.