316

ALEXANDER H. BRODIE, and NATIONAL TIRE OF HAWAII, LTD., dba LEX BRODIE'S TIRE COMPANY, Plaintiffs-Appellants, *v.* HAWAII AUTOMOTIVE RETAIL GASOLINE DEALERS ASSOCIATION, INC., ARCHIE RICHARDSON, SHINKO KUNIYOSHI, JIMMY HAGIO, GEORGE OKA, TOSHITAKA ARAKAWA, WILLIAM KOHLMAN, RICHARD REMLEY, SABATOSHI HIGA, ED MURRAY, AKIRA SATO, GARY KONISHI, ROBERT YUKUMOTO, RONALD CHONG, FRANK MAKIMOTO, EDDIE UEMORI, and MARVIN TABA, Defendants-Appellees, and JOHN DOES 1-10 and JOHN DOE CORPORATIONS 1-10, Defendants

NO. 7397

CIVIL NO. 54438

JULY 27, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a summary judgment in favor of the appellees in a malicious prosecution action. We, in our discretion, reverse and remand for the reasons stated below.

The appellees are the Hawaii Automotive Retail Gasoline Dealers Association, Inc., a nonprofit corporation which is a trade association composed of various retail gasoline dealers, and certain of its members and directors. The appellants are Alexander H. Brodie and National Tire of Hawaii, Ltd., dba Lex Brodie's Tire Company, a business which Mr. Brodie substantially owns and operates. The business sells gasoline, tires and other items and is in competition with many of the Association members.

In 1975, in a television commercial, Mr. Brodie stated that a customer had recently brought him a tire which had been repaired at a service station with gum and tape. An attorney, on behalf of the appellee/corporation, sent a letter to Mr. Brodie alleging that the television commercial defamed the Association and its members and demanded a retraction. Brodie turned this letter over to his attorney but made no reply. Some months later, the Gasoline Dealers Association filed suit. In the complaint and later in an amended complaint, it alleged a number of "causes of action" including libel, unfair business practices under Chapter 480, Hawaii Revised Statutes (HRS) and deceptive trade practices under Chapter 481A, HRS. Ultimately, that action was dismissed for want of prosecution and we recently affirmed the dismissal in *Hawaii Automotive Retail Gasoline Dealers Association, Inc. v. Alexander H. Brodie,* 2 Haw. App. 99, 626, P.2d 1173 (1981).

After the dismissal below, the present suit was brought. Appellees took Mr. Brodie's deposition and subsequently moved for summary judgment, stating that they were relying upon the record and files, the deposition of Mr. Brodie, the deposition of one Sara Bell taken in the previous action and the affidavit of Michael Austin. The

deposition of Sara Bell is not in the record and consequently is not before us. The affidavit of Michael Austin is to the effect that he examined the tire in question on May 15, 1977, found that tape and gum had been applied at one place on the tire and that upon an examination of the inside of the tire casing, there was no visible puncture, tear, rip or defect in the vicinity of where the tape and gum had been applied to the outside of the tire. In opposition, Brodie filed an affidavit stating that he had inspected the tire and it had been repaired with gum and tape.

Although it is apparent from the transcript of the hearing that extensive discovery had taken place in the preceding case, including many, many depositions, none of that was before the court in this case when it granted the motion. The record made by both sides was thus extremely sketchy.

There are three essential elements in a claim for malicious prosecution: (1) that the prior proceedings were terminated in the plaintiffs' favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior proceedings were initiated with malice. PROSSER, LAW OF TORTS (4th Ed.) § 120 at 850-856 (1971).

The first requirement, of course, was met and under Rule 41(b), Hawaii Rules of Civil Procedure (HRCP), the dismissal for failure to prosecute operated as an adjudication upon the merits of the original case.

However, the fact that the case was lost does not mean that it was filed without probable cause. Probable cause does not depend on the actual state of the facts but upon the honest and reasonable belief of the party commencing the action. *Phillip v. Waller,* 5 Haw. 609 (1886); *Kalaukoa v. Henry,* 11 Haw. 430 (1908); *Gaspar v. Nahale,* 14 Haw. 574 (1903). As has been said, probable cause for the filing of a lawsuit exists where a person:

reasonably believes in the existence of the facts upon which the claim is based, and either

(a) correctly or reasonably believes that under those facts the claim may be valid under the applicable law, or

(b) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge or information.

RESTATEMENT (SECOND), TORTS § 675 (1977).

Appellants argue that no claim for defamation against the Appellee Association is made out in the allegations of the original complaint and that therefore, that complaint was filed without probable cause. That issue, however, was never adjudicated below. Moreover, that argument would not dispose of the case, for it seems clear to us that if the allegations in the original complaint were based upon facts (either true or reasonably believed to be true), upon which a valid claim could be made, there would have been probable cause under the definition set forth in the authorities cited. One of the claims made in the amended complaint was for deceptive trade practices under Chapter 481A, HRS. Had it been shown by affidavit or otherwise that at the time of the filing of the complaint the appellees had reasonably believable information that the tire in question had not been patched with gum and tape, then probable cause might well have been shown. But no such showing was made here.[1]

As to the matter of attorney's advice, the complaint and amended complaint are signed by an attorney and under Rule 11, HRCP, that signature is a certificate of his belief of good ground to support the complaint. However, in order for an attorney's advice to be the basis of probable cause, there must have been a full disclosure of the known facts to him. Full disclosure is not established by affidavit or otherwise in the record here.

While it appears to us extremely doubtful that appellants will ever be able to prove a want of probable cause, we do not think that on the record as it stands there was a sufficient basis for the court below to determine that there was no genuine issue of material fact as to the existence of probable cause in connection with the filing of the prior lawsuit.

The question of whether a summary judgment should have been granted on the basis of a lack of malice in filing the prior lawsuit is, however, a much more difficult question. As is stated in 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2730 (1973), begin-

---

[1] The fact that two years later a private investigator saw the tire and filed an affidavit to the effect that it had not been repaired, would not meet this requirement since the requirement goes to facts known at the time of filing the action. *Phillip v. Waller, supra.*

ning at page 590:

> Cases involving malice, such as libel, slander, and malicious prosecution, pose interesting problems because of the competing policy considerations they raise. Inasmuch as malice calls defendant's state of mind into question, summary judgment often will be refused when that issue is raised. However, actions that involve questions of malice often are disfavored torts; that is especially true of those that threaten the free exercise of important rights such as speech and press. Viewed from this perspective, summary adjudication may be thought of as a useful procedural tool and an effective screening device for avoiding unnecessary harassment of defendant. . . . Therefore, unless plaintiff can produce some affirmative evidence to indicate that malice existed, summary judgment may well be granted in these cases.

Here, Appellant Brodie's deposition makes clear that the assertion of malice in the complaint is a matter of opinion, not of extrinsic fact. Yet, the burden at trial would be on him to prove the fact of malice.

Appellants point to certain past conflicts or disagreements between Brodie and the Association or its members, specifically, that Brodie had complained to the Department of Transportation that gas rationing was being handled unfairly by other service stations including George Oka, a member of Gas Dealers; that in 1963, 12 years before the prior suit was commenced, he had undercut other gas stations by giving discounted gas prices; and that the appellees appeared mad at him in their depositions in the prior case. He also alluded to the fact that his attorney in the prior case, had told him that the attorney for the Gas Dealers in that case had said that the Gas Dealers' board of directors voted to straighten Brodie out by bringing the lawsuit. This, of course, was hearsay and could not be considered under Rule 56, HRCP. Appellants also argue that the question of probable cause was a jury question and that, had the jury found that there was a lack of probable cause in bringing the prior action, that lack of probable cause would be evidence of malice under the Hawaiian cases. *Kalaukoa v. Henry, supra; Gaspar v. Nahale, supra.* Those were cases in which the preceding action had been a criminal prosecution and in such cases, of course, the existence or nonexistence of probable cause is much more easily ascertained.

We are troubled by the implications of appellants' argument. Lawsuits are normally not filed between close friends. Some degree

of hostility is generally present whenever a party resorts to litigation. We do not wish to open the door to a second lawsuit being filed by the defendant every time the plaintiff loses a previous lawsuit, followed, we suppose, by a third lawsuit if the plaintiff in the second lawsuit loses that one and so on *ad infinitum*. We think that one of the things that distinguishes our society is the citizen's relative freedom of access to the courts. The preservation of that freedom lies behind the basic American rule against allowing attorney's fees to the successful party in litigation except where such is provided by agreement, statute, rule or precedent. To adopt a restrictive policy with respect to granting summary judgments in malicious prosecution suits would be to expose the plaintiffs in the original action to the harassment and expense of malicious prosecution suits without the person bringing the second action having any basis for his claim of malice. This would tend to discourage resort to the court where irreconcilable conflict exists.

Similar considerations in the law of libel with respect to public officers and public officials have led the courts to put the onus of making a clear showing of "actual malice" (a technical term in those cases) in order to forestall summary judgment on plaintiffs in such actions. The courts have pointed to the "chilling effect" on free speech by the cost and harassment of litigation if, on summary judgment, the plaintiffs in a libel action were not required to show "actual malice". The same sort of consideration has led the court in a libel case involving allegedly "privileged" statements to presume the lack of malice and put the burden on the plaintiff to produce extrinsic evidence of malice to defeat summary judgment. *Marsh v. Commercial and Savings Bank*, 265 F.Supp. 614 (D.C. Va. 1967).

Here, the prior lawsuit terminated not because the court below found no claim for relief had been stated nor because the appellees failed to prove their case but because they failed diligently to prosecute it. The case is really very similar to those in which there has been a voluntary dismissal of the prior lawsuit. It seems to us that failure to prosecute, like voluntary dismissal, may give rise to an inference that there was a lack of probable cause. But we do not see how that inference can reasonably permit a further inference that there was malice in instituting the case in the first place. As was said in *Alvarez v. Retail Credit Ass'n of Portland, Ore., Inc.,* 234 Ore. 255, 381 P.2d 499

(1963) beginning at page 503:

> The case at bar is now in this posture: We have held that the unexplained dismissal of the original action was a fact from which a jury might have inferred that the action had been commenced without probable cause. Thus, we have said there was no error in submitting the issue of probable cause to the jury. Now the plaintiff is saying that since it was permissible to infer that there was a want of probable cause, the inference of malice is also an inference the jury may draw. While, as we have noted elsewhere, a fact proved by inference can in turn be the foundation of another inference, *Eitel v. Times, Inc.,* 221 Or. 585, 599, 352 P.2d 485 (1960), and the jury can, therefore, draw an inference from an inference, there is a difference between a permissible inference and mere speculation.

> The real question, when a party seeks to employ one inference as a basis for another inference, is whether the connection between the two inferences is strong enough to support the proposed intellectual exercise. If, in human experience, it is reasonable to say that when one inference is justified the second may also be justified, as it frequently may be, then there is no reason why the matter may not be submitted to the jury for that body to declare its view of the probabilities. Where, however, the evidence against pyramiding particular inferences is so strong that reasonable minds cannot draw the second inference from the first, then the court may not turn the jury loose to engage in sheer guesswork.

> In this case, to make out a case of malicious prosecution, it was not enough for the plaintiff to establish merely a basis for an inference of want of probable cause. There must also be some independent evidence of conduct other than the voluntary dismissal, from which conduct improper motives can be inferred. In other words, where the only evidence of a want of probable cause is the inference that may be drawn from the voluntary dismissal of the original action, such an inference will not support the second inference, that the defendant acted with improper motives. There must be some other direct or circumstantial evidence to support the inference of malice.

*Accord, Yelk v. Seefeldt,* 35 Wis.2d 271, 151 N.W.2d 4, 30 A.L.R.3d 446 (1967); 52 AM. JUR.2d, MALICIOUS PROSECUTION § 141 (1970).

In malicious prosecution actions, since malice is an essential element of the claim for relief, there must come a time when the plaintiff has to show facts upon which he contends that malice existed. In light of our prior discussion, we think it appropriate to give defendants the power to require plaintiffs to make such a showing pre-trial in response to defendants' motion for summary judgment. If he is unprepared to do so at the time of the filing of a motion for summary judgment, then under Rule 56(f), HRCP, he can file an affidavit showing why he cannot then do so and obtain an extension for discovery or the obtaining of affidavits or such other relief as is just.

Moreover, a party opposing a motion for summary judgment has an obligation to file a response by affidavits or otherwise, setting forth the specific facts showing that there is a genuine issue for trial. Rule 56(e), HRCP. In this case, appellants complied with neither Rule 56(e) nor Rule 56(f). If, at trial, they had produced no more evidence in support of their claim of malice than the matters that they are here relying upon (which we have set out above), we think a directed verdict for the appellees would have to be entered because we do not believe that a reasonable juror could find that those matters alone establish malice by a preponderance of the evidence. *Alvarez v. Retail Credit Ass'n, supra; Yelk v. Seefeldt, supra.*

We recognize, however, that this is a case of first impression, at least in this jurisdiction, and that given the sketchy showing made by the appellees on the motion below, appellants may be taken by surprise by the rules with respect to malice and the proof thereof on motions for summary judgment which we have laid down above. Accordingly, in the exercise of our discretion, we remand the case to afford the appellants a reasonable opportunity to adduce evidence of specific extrinsic facts indicating malice.[2] If, however, the record is left in its present state and the appellants can produce no evidence of extrinsic facts[3] indicating malice, then summary judgment should again be entered for the appellees.

---

[2] It may also be that upon remand, appellees will want to buttress their showing of probable cause and that that issue may then need to be reconsidered.

[3] Those facts may include evidence of lack of probable cause.

Remanded for further proceedings consistent herewith.

*David C. Schutter (Roy J. Bell, III* and *Reinhard Mohr* on the briefs) for appellants.

*John A. Chanin* for appellee Hawaii Automotive Retail Gasoline Dealers Association, Inc.

*Thomas E. Cook (Gary N. Hagerman* on the brief, *Lyons, Hagerman & Brandt* of counsel) for appellee William Kohlman.