ALEXANDER H. BRODIE and NATIONAL TIRE OF HAWAII,
    LTD., dba LEX BRODIE'S TIRE COMPANY,
    Plaintiffs-Appellants, *v.* HAWAII AUTOMOTIVE RETAIL
    GASOLINE DEALERS ASSOCIATION, INC., ARCHIE
    RICHARDSON, SHINKO KUNIYOSHI, JIMMY HAGIO,
    GEORGE OKA, TOSHITAKA ARAKAWA, WILLIAM
    KOHLMAN, RICHARD REMLEY, SABATOSHI HIGA, ED
    MURRAY, AKIRA SATO, GARY KONISHI, ROBERT
    YUKUMOTO, RONALD CHONG, FRANK MAKIMOTO,
    EDDIE    UEMORI,    and    MARVIN    TABA,
    Defendants-Appellees, and JOHN DOES 1-10 and JOHN DOE
    CORPORATIONS 1-10, Defendants

NO. 7397

(CIVIL NO. 54438)

DECEMBER 28, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED TEMPORARILY

*Per Curiam.* This matter comes before us on a petition for certiorari from the intermediate court of appeals, filed by the defendants-appellees (hereinafter "Gasoline Dealers"). Certiorari was granted to permit review of the appellate court's decision to remand the case for further proceedings consistent with its opinion. *Brodie v. Hawaii Automotive Retail Gasoline Ass'n., Inc.,* 2 Haw. App. 316, 631 P.2d 600 (1981).

Gasoline Dealers had earlier filed suit against the plaintiff-appellant (hereinafter "Brodie") for defamation in another proceeding. That suit was subsequently dismissed for lack of prosecution. Thereafter Brodie initiated the present action charging malicious prosecution on the part of Gasoline Dealers. On motion of the dealers, the trial court entered summary judgment in their favor. Brodie appealed and the matter was assigned to the intermediate appellate court which affirmed the judgment of the trial court. In its decision, the appellate court pointed out that Brodie had failed to make a sufficient showing that the Gasoline Dealers acted with malice when they filed their earlier suit for defamation against him.

We concur with the appellate court's exposition of the law governing malicious prosecution and motions for summary judgment relating thereto. We question, however, the following statement of the court and its disposition of the appeal:

> We recognize, however, that this is a case of first impression, at least in this jurisdiction, and that given the sketchy showing made by the appellees on the motion below, appellants may be taken by surprise by the rules with respect to malice and the proof thereof on motions for summary judgment which we have laid down above. Accordingly, in the exercise of our discretion, we remand the case to afford the appellants a reasonable opportunity to adduce evidence of specific extrinsic facts indicating malice. If, however, the record is left in its present state and the appellants can produce no evidence of extrinsic facts indicating malice, then summary judgment should again be entered for the appellees. (Footnotes omitted) [2 Haw. App. 323, 631 P.2d at 605-606.]

HRS § 602-57 (1981 Supp.) empowers the intermediate court of appeals, pursuant to HRS § 602-5(7), "[t]o make and award such judgments, decrees, orders and mandates, . . . and do such other

steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it." The fact that the "appellants may be taken by surprise" by the ruling of the appellate court was not, in our opinion, sufficient in and of itself to warrant the action taken under HRS.§ 602-5(7). It was not as if the intermediate appellate court had suddenly departed from an established rule of law. And while the question presented was one of first impression in this jurisdiction, other courts had already addressed the issue. *See, e.g., Marsh v. Commercial and Savings Bank,* 265 F.Supp. 614 (D.C. Va. 1967). *See also Barnes v. Avis Rent A Car System,* 466 F. Supp. 907 (D.C. 1979). We think that in the circumstances of this case, and considering the equities of the parties, the authority of the appellate court under HRS § 602-5(7) was erroneously invoked.

We do concur, however, with the appellate court's affirmance of the trial court's order granting the Gasoline Dealers' motion for summary judgment. *See Janney v. Arlan's Department Store,* 247 F. Supp. 306 (W.D. Va. 1965); *Turner v. City of Chicago,* 91 Ill. App.3d 931, 415 N.E.2d 481 (1980). Consequently, we reverse its decision to remand the case for further proceedings but affirm the trial court's order granting the summary judgment.

*John A. Chanin* for petitioner-appellee.

*David C. Schutter* and *Mark R. Thomason* for respondent-appellant.