MICHAEL S. MYERS, Petitioner-Appellant, *v.* RONALD B. COHEN and PATRICK J. RYAN, Defendants, and JOHN RAPP and GOODSILL ANDERSON & QUINN, Respondents-Appellees

NO. 9203

(CIVIL NO. 71985)

OCTOBER 3, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CIRCUIT JUDGE CHUN, IN PLACE OF
ASSOCIATE JUSTICE WAKATSUKI, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a summary judgment granted to defendants-appellees John Rapp and Goodsill Anderson & Quinn, in an action against them and Ronald B. Cohen and Patrick J. Ryan for malicious prosecution and abuse of process in a preceding civil action and bankruptcy. The judgment below contained the necessary recitals under Rule 54(b), HRCP, to make it final. The Intermediate Court of Appeals affirmed the summary judgment. We granted certiorari.

Appellant Myers and one Ben Gromet had filed Civil No. 59644 against defendants Ronald B. Cohen and Patrick J. Ryan and Hawaii Mini-Storage Systems, Inc. Those parties were represented by appellee Rapp and his partnership, the appellee law firm Goodsill Anderson & Quinn. Rapp filed a counterclaim on his clients' behalf and also filed a voluntary petition for bankruptcy on the part of Hawaii Mini-Storage Systems, Inc.

The amended complaint in this case alleged that the counterclaim was false, was known by the defendants to be false when filed, and was filed with malice and without probable cause, as a part of a scheme to extort money from the plaintiff and Gromet. It further alleged that the filing of the bankruptcy proceeding was a part of said scheme, and was known by the defendants to contain a false statement. It further alleged that a final judgment had been obtained in favor of the appellant on the counterclaim. The complaint in this case has been served only upon the appellees. Counsel for the appellant represented at the hearing on the motion for summary judgment that he had been unable to effect service on, or locate defendants Cohen and Ryan, either at the addresses supplied by the appellees pursuant to interrogatory, or otherwise.

The motion for summary judgment was supported by the affidavit of appellee Rapp with attached exhibits. Appellant's position in opposition was supported by the affidavit of counsel Jack C. Morse, certifying to exhibits 1 through 3 and 6 through 10 and by

exhibits 4 and 5, which are the affidavits of Peter G. Wheelon and John H. McClennan, respectively.

The trial court did not have before it the full record in either the preceding state civil case or in the bankruptcy proceeding. It did not purport to take judicial notice of the limited matters susceptible to judicial notice by it in the preceding state civil case. *See Fujii v. Osborne,* No. 8898 decided August 27, 1984. It, of course, could not take judicial notice of other matters in the files of the preceding civil case nor of the files in the bankruptcy case. *Lalakea v. Baker,* 43 Haw. 321 (1959); *McAulton v. Smart,* 58 Haw. 488, 510 P.2d 93 (1973). Only limited matters from those two files were placed, by certified exhibits, before the circuit court on the motion for summary judgment.

From those documents, it appears (1) that appellee Rapp, a member of the appellee law firm of Goodsill Anderson & Quinn, on behalf of the individual defendants Cohen and Ryan and of Hawaii Mini-Storage Systems, Inc., filed a counterclaim against appellant and Gromet in Civil No. 59644; (2) that that counterclaim was found by the court to be "completely frivolous and totally unsupported by the facts and the law" and was dismissed with prejudice; and (3) that appellee Rapp, on behalf of Hawaii Mini-Storage Systems, Inc., filed a voluntary petition in bankruptcy.

As has been said,

> There are three essential elements in a claim for malicious prosecution: (1) that the prior proceedings were terminated in the plaintiffs' favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior proceedings were initiated with malice.

*Brodie v. Hawaii Automobile Retail Gasoline Dealers Ass'n, Inc.,* 2 Haw. App. 316, 318, 631 P.2d 600 (1981), *rev'd on other grounds* 65 Haw. 598, 655 P.2d 863 (1982), citing Prosser, *Law of Torts* (4th ed.) § 120 at 850-56 (1971).

The matters previously alluded to, which were properly certified and in the record with respect to Civil No. 59644, certainly established enough to create a genuine issue of material fact as to requirements (1) and (2). It is, therefore, with requirement (3) that we are concerned. The issue is whether, on the record in this case, there is a genuine issue of material fact as to whether appellee Rapp, in filing the counterclaim and, under the allegations of the

complaint, the petition in bankruptcy, acted with malice.

The trial court granted summary judgment without stating the basis for its order. The Intermediate Court, in order to uphold the summary judgment in favor of the appellee, found it necessary in its opinion expressly to refuse to consider four evidentiary matters which appear of record. They are (1) the finding contained in the order granting attorney's fees that the counterclaim was "completely frivolous and totally unsupported by the facts and the law"; (2) the statements of defendants Cohen and Ryan, when they appeared pro se before Judge Sodetani on June 3, 1981 after Rapp had withdrawn from the case. In those statements, they claimed that Rapp filed the counterclaim without their authority and that they never had any intention of pursuing the matters stated in the counterclaim against appellant and Gromet. (3) The affidavit of Peter Wheelon as to a conversation he had with appellee Rapp and (4) a letter dated August 21, 1980 from appellee Rapp to appellant's attorney, offering to drop certain of the counterclaim counts on the condition that appellant and Gromet "stipulate that the withdrawal of [those claims] will not be deemed to raise any inferences or presumptions . . . that the claims were alleged or prosecuted in bad faith."

Because we disagree with the Intermediate Court, which, by refusing to consider the first three matters, in effect struck them from the record, and because we deem those matters to raise a genuine issue of material fact as to whether appellee Rapp acted with malice, we reverse. As to the fourth matter, the letter, we agree with the Intermediate Court of Appeals that it constitutes evidence inadmissible under Rule 408, HRE, and, thus, not properly cognizable on a motion for summary judgment under Rule 56(e), HRCP. We will deal with the first three matters seriatim.

1. *The finding that the counterclaim was completely frivolous and totally unsupported by the facts and the law.* The Intermediate Court of Appeals approached this matter from the standpoint of whether or not appellee Rapp was bound by the finding in question. It reasoned that, because he had withdrawn as counsel for the counterclaimants before that finding was entered, he had no opportunity to litigate the matter. It also noted that Rapp had further argued that "Civil No. 59644 was dismissed because a statement of readiness was never prepared, and thus the Order did not address the

merits of the counterclaim."

We agree with the Intermediate Court of Appeals that appellee Rapp was not bound by the finding in question. That, however, is not dispositive of whether that finding may raise a genuine issue of material fact as to whether appellee Rapp acted with malice.

In *Brodie v. Hawaii Automobile Retail Gasoline Dealers Ass'n, Inc., supra,* a contention was made that because a prior proceeding had been dismissed for lack of prosecution, the dismissal was evidence of malice. In that case, the Intermediate Court stated:

> Here, the prior lawsuit terminated not because the court below found no claim for relief had been stated nor because the appellees failed to prove their case but because they failed diligently to prosecute it. The case is really very similar to those in which there has been a voluntary dismissal of the prior lawsuit. It seems to us that failure to prosecute, like voluntary dismissal, may give rise to an inference that there was lack of probable cause. But we do not see how that inference can reasonably permit a further inference that there was malice in instituting the case in the first place.

2 Haw. App. at 321. In the present case, the facts as to what happened to the counterclaim are very different and we cannot agree with the Intermediate Court that the finding can be disregarded on summary judgment. It appears to be a determination on the merits of the counterclaim, since it was the basis for an order awarding attorney's fees. Appellant's additional contention that plaintiff's case in the civil proceeding was dismissed because the statement of readiness was never prepared, is not supported by anything in this record. Neither court below indicated that it was taking judicial notice of that matter. Moreover, obviously, the dismissal of a claim for want of prosecution does not dispose of a counterclaim, and a counterclaim may be adjudicated on the merits even where a complaint is dismissed.

We need not pass, at this juncture, upon the question of whether such a finding, standing alone, would create a genuine issue of material fact as to whether the attorney who filed the counterclaim was acting with malice, because, here, the finding can be considered with other matters in the record on the motion for summary judgment. We now turn to those other matters.

2. *The in-court statements of Cohen and Ryan.*  The Intermediate

Court cast aside and disregarded the in-court statements of Cohen and Ryan that they never intended to pursue the counterclaim and that it was filed without their authorization. Its expressed reason for doing so was because Cohen and Ryan were not under oath at the time. In so doing, it relied on the provision in Rule 56(e), HRCP, that: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." That technical requirement was met, however, because the transcript copy of the statements was sworn to.

The question remains then, whether those statements were admissible as evidence. Cohen and Ryan were parties to the case in which they made their statements, as well as the present action, albeit they were unserved in the present case at the time the motion for summary judgment was heard. The fact that they were not under oath when they made in-court statements is off-set by the fact that they were parties to a judicial proceeding, were appearing before the court, and thus could be bound by their statements as judicial admissions. 29 Am. Jur.2d, *Evidence* § 615 at 668-69 (1967).

Under the provisions of HRE Rule 803(a)(1), if they had been served as parties to the present case, those statements could be admitted against them. Moreover those statements might well be admitted under the provisions of HRE Rule 803(a)(24) even as against Rapp.

In addition, the record shows that Cohen and Ryan were unserved at the time of the hearing. At the hearing on the motion for summary judgment, counsel for appellant informed the court that he had been unable to locate them as yet. Counsel's representations as to whether parties or witnesses can be located are generally, in the absence of objection by the opponent, accepted by the court. Ryan and Cohen were thus "unavailable" at that time under HRE Rule 804(a)(5) and, therefore, their statements before the court in the earlier case could have been admissible as statements against their interests under HRE Rules 804(b)(3) and (6).

As we have noted in other decisions, admissibility is frequently a matter within the discretion of the trial judge, dependent upon what has been shown at the trial at the time the evidence in question is offered. Here the judge hearing the motion purported to make no ruling on the admissibility of the evidence that the Intermediate Court of Appeals subsequently refused to consider.

We think that the test that should be applied by the trial level judge on a motion for summary judgment to evidence, properly certified and before the court, offered in opposition to the motion, is whether, under the rules of evidence, it may at trial prove to be admissible. No such test has yet been applied to this evidence.

3. *The Wheelon affidavit.* Peter G. Wheelon, an attorney at law, executed an affidavit in which he states that, while acting as attorney for one John McClennan in connection with matters raised in the First Circuit and the bankruptcy court, he had a conversation with appellee Rapp, representing defendants Cohen and Ryan as well as Hawaii Mini-Storage Systems, Inc., in litigation in the First Circuit Court and in the bankruptcy court, including claims by Rapp's clients against McClennan.

Wheelon states that appellant and Gromet had commenced an action for summary possession against his client McClennan on certain premises and that McClennan had entered into a settlement agreement with appellant and Gromet in that action. In that settlement, McClennan signed a document cancelling a sublease and Gromet and appellant agreed not to seek a money judgment against him. Wheelon further states that those matters were discussed with appellee Rapp in the conversation, and Rapp asked the affiant to encourage his client to rescind his settlement agreement with Gromet and appellant. When the affiant refused to do so, he states that Rapp said he (Rapp) could file a petition under Chapter 11 of the Bankruptcy Code in behalf of corporate client to forestall summary possession of the subleased premises by appellant and Gromet. Affiant says he told Rapp that such a petition, in his opinion, could not be filed in good faith, in view of affiant's and Rapp's clients' financial position. Rapp replied that their respective clients' financial position had no bearing on good faith. Affiant replied that rent was accruing, and there was no reasonable basis for believing that appellant and Gromet would ever be paid the rent due or to become due in the future, to which appellee Rapp replied that he had no concern about whether they would ever be paid, that he could possibly force them into a modification of the sublease by filing a bankruptcy petition and that he could "screw them over by filing a Chapter 11 Bankruptcy petition." He further stated, "I don't care what happens to them. I can get at least 6 to 12 months time by filing a petition."

The Intermediate Court of Appeals held that Wheelon's version of his telephone conversation with Rapp would be inadmissible under HRE Rule 408, as evidence of conduct or statements made in compromise negotiations. We see nothing in the Wheelon affidavit that indicates that Rapp's statements were made in the course of compromise negotiations with Wheelon who was representing McClennan, not appellant. Not every conversation between opposing counsel constitutes compromise negotiation. From Wheelon's affidavit, it appears that the object of Rapp in making the statements was not to attempt to persuade Wheelon to compromise the actions pending between his client and Rapp's client, but rather to get Wheelon to persuade his client to withdraw from a stipulated judgment he had entered into with appellant and Gromet in a totally separate action. The conversation, from what appears in the record so far, was not made in the course of settlement negotiations. Evidence to establish the claim that the statements were made in the course of such negotiations has yet to be put in the record.

Moreover, Rule 408 provides:

This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

As has been stated:

Not every statement or admission made in connection with compromise negotiations is excluded, for, as appears *infra* . . ., statements of independent facts so made are admissible, and certainly no statement or admission will be excluded because of compromise connections unless it appears to have been made as a part of, and under the motivating influence of, compromise negotiations pending or contemplated at the time. . . .

31A C.J.S., *Evidence* § 285 at 732 (1964). The statements attributed to appellee Rapp by Wheelon, including what he could do to "screw" appellant by way of the bankruptcy petition, appear to have nothing to do with, and to be independent of, any possible negotiations between his clients and McClennan, whatever the litigation between them (of which, from the record, we have no knowledge) may have been. Again, the matter of admissibility of Rapp's statements to Wheelon has yet to be ruled on at the trial

level.

While, as noted in *Brodie, supra,* the policy of the law is certainly not to encourage the filing of malicious prosecution claims, it is true that malice is seldom the subject of a confession by the wrongdoer. It usually must be proved by inferences from other evidence. When one combines (1) the finding of fact that the counterclaim was "completely frivolous and totally unsupported by the facts and the law", with (2) defendant Cohen's and Ryan's assertion in open court at a hearing on their counterclaim that appellee Rapp had filed the same without their authority and that they had never intended to pursue such a counterclaim, and (3) the fact that Rapp attempted to persuade Wheelon to persuade his client to withdraw from a stipulated judgment previously entered into by appellant, stated that he didn't care about the fact that the filing of a bankruptcy petition, given the financial position of his clients, would mean that appellant would never collect the rent for his premises, and that he, appellee Rapp, was in a position to "screw" appellant by filing the bankruptcy action, there is certainly enough on the record as it stood before the judge hearing the motion for summary judgment to raise a genuine issue of material fact as to whether appellee Rapp's conduct complained of in the complaint was or was not done with malice.[1] Reversed.

*Jack C. Morse (Morse, Nelson & Ross* of counsel) on the supplemental brief for petitioner.

*James F. Ventura (Libkuman, Ventura, Ayabe & Hughes* of counsel) on the supplemental brief for respondents.

---

[1] We, of course, are not implying that the evidence relied upon by the appellant is true or will be proved at trial. We are saying that appellant produced enough apparently admissible evidence in opposition to the motion for summary judgment to prevent its being granted.