**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000641
18-NOV-2024
07:46 AM
Dkt. 79 SO**

NO. CAAP-20-0000641

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


PAUL LOUIS POCINO, Plaintiff-Appellant, v.
JOHANNE MURIEL AUGER; ROSA VILLONGCO FLORES;
GREGORY L. RYAN ATTORNEY AT LAW LIMITED LIABILITY
LAW COMPANY, a Hawaii limited liability company;
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10;
and DOE GOVERNMENTAL ENTITLES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 18-1-0103 JRV)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Paul Louis Pocino (**Pocino**) appeals
from the Amended Judgment, entered in favor of Defendant-
Appellees Rosa Villongco Flores (**Flores**) and Gregory L. Ryan
Attorney at Law Limited Liability Company (**Ryan**) (together, the
**Attorney Defendants**) on October 2, 2020, by the Circuit Court of
the Fifth Circuit (**Circuit Court**).[1/]  The Amended Judgment
followed the Circuit Court's July 29, 2019 "Findings of Fact and
Conclusions of Law on [the Attorney Defendants'] Supplemental
Motion to Dismiss First Amended Verified Complaint, Filed May 10,
2019" **(FOFs/COLs).**  In the FOFs/COLs, the Circuit Court granted

---

[1/]    The Honorable Randal G.B. Valenciano presided.

the Attorney Defendant's motion to dismiss with prejudice.[2/]

On appeal, Pocino contends that the Circuit Court erred in ruling that: (1) Pocino's claims against the Attorney Defendants were barred by the litigation privilege; and (2) Pocino "failed to meet the elements" of his claims for abuse of process and malicious prosecution.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Pocino's contentions as follows.

### I. Procedural Background

On July 19, 2018, Pocino filed a verified complaint against Defendant-Appellee Johanne Muriel Auger (**Auger**) and the Attorney Defendants (collectively, **Defendants**).  Pocino alleged that Auger, who is Pocino's former wife, and her attorney Flores fabricated evidence to obtain a temporary restraining order against Pocino, and published defamatory statements about him.

On October 16, 2018, the Attorney Defendants filed a motion to dismiss the complaint based on the litigation privilege, as well as failure to state claims for abuse of process and malicious prosecution, pursuant to HRCP Rule 12(b)(6).  During the hearing on the motion to dismiss, Pocino asked for leave to amend the complaint,  the court directed Pocino to file a motion for leave to amend, and the court stayed the hearing on the motion to dismiss.  The court subsequently granted Pocino's motion for leave to amend and directed the parties to file supplemental briefs on the motion to dismiss.

On April 23, 2019, Pocino filed the First Amended Verified Complaint (**FAC**), which alleged the following claims: (1) Fraud/Fraudulent Misrepresentation; (2) Intentional Harm to Property Interest (**IHPI**); (3) Intentional Infliction of Emotional Distress (**IIED**); (4) Negligent Infliction of Emotional Distress

---

[2/]     The FOFs properly recount the pertinent procedural history of the case.  In deciding the Attorney Defendants' motion to dismiss, which was brought pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6), the court did not, in accordance with applicable law, make factual findings regarding the FAC's allegations.

(**NIED**); (5) Malicious Prosecution; and (6) Abuse of Process.

On May 10, 2019, the Attorney Defendants filed their supplemental motion to dismiss the FAC, and on May 17, 2019, Pocino filed his supplemental memorandum in opposition. On May 23, 2019, the Circuit Court heard the Attorney Defendants' motion to dismiss.

On July 29, 2019, the Circuit Court entered the FOFs/COLs. The court subsequently entered an order granting Pocino's motion for HRCP Rule 54(b) certification and, eventually, the Amended Judgment.

## II. Discussion

In his opening brief, Pocino asks this court to "reverse the [C]ircuit [C]ourt's order granting dismissal and remand this case for a trial on the merits." We address the dismissal of each of Pocino's claims below.

### A. Claim for Fraud/Fraudulent Misrepresentation

In addressing Pocino's fraud claim, the Circuit Court concluded that Pocino "has conceded that the claim for Fraud/Fraudulent Misrepresentation should be dismissed and therefore dismisses the claim with prejudice." Indeed, Pocino expressly withdrew this claim in his May 17, 2019 supplemental memorandum. Pocino also agreed during the May 23, 2019 hearing that this claim should be dismissed.

In his opening brief, Pocino presents no point of error or argument related to his fraud/fraudulent misrepresentation claim. Any challenge to the dismissal of this claim has been waived. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), (7).

### B. Claims for IHPI, IIED, and NIED – Litigation Privilege

Pocino appears to contend that the Circuit Court erred in dismissing his IHPI, IIED, and NIED claims based on the litigation privilege. In response, the Attorney Defendants argue that the FAC "only alleges acts that occurred during Flores' representation of Auger, which were all related to her representation." They assert that the Circuit Court therefore

properly applied the litigation privilege in dismissing the IHPI, IIED, and NIED claims.

In Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaiʻi 251, 151 P.3d 732 (2007), the Hawaii Supreme Court held that a litigation privilege applied to bar claims of intentional interference with contractual relations and intentional interference with prospective economic advantage against attorneys who had represented parties adverse to the plaintiff in prior arbitration-related proceedings. Id. at 266-73, 151 P.3d at 747-54. The court ruled that these claims were barred because the complainants failed to allege that the attorney defendants acted outside the scope of their lawyer-client relationship, and failed to set forth factual allegations from which actual malice might reasonably be said to exist. Accordingly, there were no allegations that the attorney defendants possessed a desire to harm, independent of the desire to protect their client, and acted for personal gain or ill will. Id. at 271, 151 P.3d at 752.

Although Kahala Royal concerned the application of the litigation privilege to claims for tortious interference with contractual relations, the court's reasoning was not confined to such claims. The Court relied in part on the decision in Clark v. Druckman, 624 S.E.2d 864 (W. Va. 2005), which held that "the litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney *if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action*." Kahala Royal, 113 Hawaiʻi at 269, 151 P.3d at 750 (quoting Clark, 624 S.E.2d at 871); see Isobe v. Sakatani, 127 Hawaiʻi 368, 384-85, 279 P.3d 33, 49-50 (App. 2012) (construing Kahala Royal); see also Domingo v. James B. Nutter & Co., 153 Hawaiʻi 584, 617-18, 543 P.3d 1, 34-35 (App. 2023) (applying the litigation privilege to, *inter alia*, an IIED claim). The litigation privilege recognized in Kahala Royal has been held not to apply to certain claims for fraud, abuse of process, and malicious prosecution. See Isobe, 127 Hawaiʻi at 384-85, 279 P.3d at 49-50 (abuse of

process and malicious prosecution); Domingo, 153 Hawaiʻi at 618, 543 P.3d at 35 (fraud).

As relevant here, the Circuit Court found in FOF 11:

> At the hearing on the matter, . . . [Pocino] conceded that the litigation privilege applies as to the claims for [IHPI], [IIED], and [NIED], but drew a line regarding actions that happened during litigation and those that happened post-litigation. [Pocino] claimed that the litigation ended on July 22, 2016 when the temporary restraining order was filed, and thus an August 19, 2016 letter sent by Flores to Auger's new counsel was outside of the litigation privilege.

This unchallenged FOF is binding on appeal. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002). By conceding that the litigation privilege applies to his IHPI, IIED, and NIED claims, Pocino waived these claims as to the Attorney Defendants, except to the extent these claims were based on the "post-litigation" August 19, 2016 letter sent by Flores to Auger's new counsel.

Addressing Pocino's narrowed argument, the Circuit Court concluded in COL 4:

> The Court declines to set a "bright-line" rule about what constitutes actions taken during litigation or post-litigation. The Court further finds that the allegations described in the FAC are protected by the litigation privilege. See Kahala Royal[], 113 Hawaiʻi [at] 269, 151 P.3d [at] 750 . . . . And therefore, dismisses the remaining allegations in the Complaint with prejudice.

The Circuit Court did not err in so ruling. The FAC alleged generally that "[o]n or about August 19, 2016, [the Attorney Defendants], in concert with Auger, published false statements to others in writing that, *inter alia*, [Pocino] is 'dangerous', 'manipulative' and 'retaliatory' and that [the Attorney Defendants], in concert with Auger, planned to make further false and disparaging statements about [Pocino] to others in the future." (Capitalization altered.) However, Pocino, like the complainants in Kahala Royal, did not allege that the Attorney Defendants were acting outside of the scope of their attorney-client relationship in making these alleged statements, did not allege facts from which actual malice might reasonably be said to exist, and did not allege that the Attorney Defendants acted for personal gain or with ill-will toward Pocino. Based on

the allegations in the FAC, Attorney Defendants' alleged conduct was related to Flores's representation of Auger in the TRO case – litigation that continued through at least June 28, 2017, when this court decided Pocino's appeal. See Auger v. Pocino, No. CAAP-16-0000582, 2017 WL 2797657, at *1 (Haw. App. June 28, 2017).[3/] Thus, accepting the allegations of the FAC as true and viewing them in a light most favorable to Pocino, see Kahala Royal, 113 Hawaiʻi at 266, 151 P.3d at 747, we conclude that the Circuit Court did not err in dismissing Pocino's IHPI, IIED, and NIED claims based on the litigation privilege.[4/]

## C.  Claim for Abuse of Process

Pocino contends that the Circuit Court erred in dismissing his abuse-of-process claim. He argues, based on the allegations in the FAC, that the Attorney Defendants "maliciously initiated a false and meritless TRO proceeding without probable cause by fraudulently fabricating evidence, and for the ulterior purpose of depriving [Pocino} of his life, liberty, and property, all of which has a direct affect on [Pocino's] legal rights."

"[T]here are two essential elements in a claim for abuse of process: (1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding." Young v. Allstate Ins. Co., 119 Hawaiʻi 403, 412, 198 P.3d 666, 675 (2008) (quoting Chung v. McCabe Hamilton & Renny, Co., 109 Hawaiʻi 520, 529, 128 P.3d 833, 842 (2006)). As to the second element, the supreme court ruled in Young that the defendant must be alleged to have committed a willful act that is not proper in the regular conduct of the proceeding, i.e., that is "distinct from the use of process per se." Id. at 416, 198 P.3d at 679. The willful act alleged in Young, using lowball settlement offers to punish the claimant and "send a message" to other claimants, did not satisfy the second element because

---

[3/]    We take judicial notice of Plaintiff-Appellee Johanne Auger's Withdrawal and Substitution of Counsel, filed on February 8, 2017, in CAAP-16-0000582, in which Flores withdrew and James A. Stanton was substituted in as Auger's counsel.

[4/]    We do not reach the question of whether Hawaiʻi law recognizes an IHPI claim.

offers to settle are "proper" in the regular conduct of proceedings.  Id. at 414, 198 P.3d at 677.

The supreme court emphasized that "more is required than the issuance of the process itself."  Id. at 415, 198 P.3d at 678.  The court rejected "case law in other jurisdictions that have expanded the tort of abuse of process to encompass circumstances in which there was no act apart from the issuance of process."  Id.  These cases included Nienstedt v. Wetzel, 651 P.2d 876, 880 (Ariz. Ct. App. 1982), which held that filing a motion for a protective order that was premised on factual misrepresentations was a use of legal process that lacked justification – a standard the supreme court expressly "decline[d] to follow."  Id. at 415, 98 P.3d at 679.

Here, the Circuit Court concluded in COL 5:

> The Court further finds that [Pocino] has failed to meet the elements of an abuse of process claim. . . .  [Pocino] has failed to meet the second element of an abuse of process claim because the allegations alleged in the [FAC] were part of the regular process, and there was no separate action alleged that was outside the regular conduct of the proceedings.

The Circuit Court did not err in so ruling.  In the FAC, Pocino alleged that the "TRO Petition" was a "willful, wanton, and malicious act that evidences the criminal disregard of Auger, [and the Attorney Defendants] for civil responsibility."  (Capitalization altered.)  Pocino thus appears to allege that the Defendants committed an abuse of process by filing and litigating the TRO Petition based on false information.  However, Pocino did not allege that assisting Auger with the TRO Petition was a willful act "distinct from the use of process *per se.*"  Young, 119 Hawaiʻi at 416, 198 P.3d at 679.  Accepting Pocino's allegations as true and viewing them in a light most favorable to him, we conclude that the Circuit Court did not err in dismissing Pocino's abuse-of-process claim.

## D.    Claim for Malicious Prosecution

Pocino contends that the Circuit Court erred in dismissing his malicious prosecution claim.  He argues, based on the allegations in the FAC, that the TRO proceeding was

terminated in his favor, it was initiated without probable cause, and it was initiated with malice based on fabricated evidence to deprive Pocino of his life, liberty, and property.

There are three essential elements in a malicious prosecution claim:  "(1) that the prior proceedings were terminated in the plaintiff's favor; (2) that the prior proceedings were initiated without probable cause; *and* (3) that the prior proceedings were initiated with malice."  Arquette v. State, 128 Hawaiʻi 423, 433, 290 P.3d 493, 503 (2012) (quoting Myers v. Cohen, 67 Haw. 389, 391, 688 P.2d 1145, 1148 (1984); see Isobe, 127 Hawaiʻi at 378, 279 P.3d at 43.

Here, the Circuit Court concluded in COL 6:

> The Court further finds that [Pocino] has failed to meet the elements of a malicious prosecution claim. . . . . Plaintiff has failed to alleged [sic] conduct that is outside the regular scope of the proceedings and thus do [sic] not meet the second and third elements of malicious prosecution.

We first note that the Circuit Court did <u>not</u> conclude, and the Attorney Defendants do <u>not</u> argue on appeal, that Pocino failed to allege sufficient facts to satisfy the first element of his malicious prosecution claim – *i.e.,* that the relevant prior proceeding was terminated in Pocino's favor.  We therefore do not address this issue.

As to the second and third elements, it appears that the Circuit Court conflated the second element of an abuse-of-process claim, *i.e.,* a wilful act in the use of the process which is not proper in the regular conduct of the proceeding (<u>see supra</u>), with the second and third elements of a malicious prosecution claim, *i.e.,* that the prior proceeding was initiated without probable cause and with malice.  The factual allegations supporting the respective elements of these claims may overlap, but the elements themselves are not synonymous.

In <u>Arquette</u>, the supreme court explained that "[p]robable cause in a malicious prosecution action depends 'not on the actual state of the facts but upon the honest and reasonable belief of the party commencing the action.'"  128 Hawaiʻi at 434, 290 P.3d at 504 (quoting <u>Brodie v. Haw. Auto.</u>

Retail Gasoline Dealers Ass'n, 2 Haw. App. 316, 318, 631 P.2d 600, 602 (1981). The court reiterated the test for determining probable cause for the filing of a lawsuit, as set forth in the Restatement (Second) of Torts § 675 (1977). Id. (quoting Brodie, 2 Haw. App. at 318, 631 P.2d at 602). Similarly, under the Restatement, an attorney who initiates a civil proceeding for a client or takes steps in the proceeding is not liable if the attorney has probable cause for their action. Restatement, supra, § 674, cmt d. "If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, . . . he is subject to the same liability as any other person." Id.

"[I]n order to establish the element of malice for a malicious prosecution claim, a plaintiff must show *inter alia* that the defendant initiated the prior proceeding with the intent, without justification or excuse, to commit a wrongful act and the emphasis is on the misuse of criminal or civil actions as a means for causing harm." Arquette, 128 Hawaiʻi at 437, 290 P.3d at 507 (quoting Isobe, 127 Hawaiʻi at 388, 279 P.3d at 53).

Here, Pocino alleged that the representations made by Auger and the Attorney Defendants in connection with the TRO proceeding were made without probable cause and with malice. More specifically, he alleged that "Flores added . . . fabricated evidence and false misrepresentations to Auger's sworn statement to induce the presiding judge to grant the restraining order against [Pocino] to [Pocino]'s detriment, and to give Auger immediate and sole possession of the Marital Residence, with the intent to deprive [Pocino] of his life, liberty and property." (Capitalization altered.) Pocino alleged, for example, that Flores fraudulently fabricated the statement in Auger's sworn statement that "[s]ometime in November 2014, [Pocino] tried to run [her] over with his truck . . . ." Pocino also alleged that Flores "engaged in the suborning of perjury in the TRO Petition Trial on numerous occasions"; he identified the trial dates and the substance of the allegedly false statements.

For purposes of Pocino's motion to dismiss, we must accept these allegations as true and view them in a light most

favorable to him.  See Kahala Royal, 113 Hawaiʻi at 266, 151 P.3d at 747.  Applying this standard, we cannot conclude that "it appears beyond doubt that [Pocino] can prove no set of facts in support of [his malicious prosecution] claim [against the Attorney Defendants] that would entitle him . . . to relief." Id.  We thus conclude that the Circuit Court erred in dismissing Pocino's malicious prosecution claim.

### III. Conclusion

For the reasons discussed above, the October 2, 2020 Amended Judgment is affirmed in part and vacated in part.  The Circuit Court's dismissal of the Fifth Claim for Relief (Malicious Prosecution) as to Defendant-Appellees Rosa Villongco Flores and Gregory L. Ryan Attorney at Law Limited Liability Company is vacated.  The Amended Judgment is otherwise affirmed. The case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, November 18, 2024.


On the briefs:

Mark R. Zenger
(Richards & Zenger)
for Plaintiff-Appellant.

Kenneth S. Robbins and
Kelcie Nagata
(Bronster Fujichaku Robbins)
for Defendants-Appellees
Rosa Villongco Flores and
Gregory L. Ryan Attorney at
Law Limited Liability Law
Company.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge