62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul JACOBI, Plaintiff-Appelant,
v.
Bruce DINMAN; Reid Nakamura; Stephen Elisha; Phil Lahne; and
Arlette Harada, Defendants-Appellees.
 No. 93-17252.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 16, 1995.
Decided July 28, 1995.
 
 Before: GOODWIN, SNEED, KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Jacobi appeals from a summary judgment in his malicious prosecution action against a condominium board's lawyers. We affirm.
 
 FACTS AND PROCEDURAL BACKGROUND
 
 3
 In 1988, Jacobi, now a former owner of a condominium unit in the Marco Polo Condominium complex in Hawaii, brought suit in the First Circuit Court of the State of Hawaii against the Board of Directors of the Association of Apartment Owners of the Marco Polo Condominium ("the Association") and various individual members of that Board. He charged them with 17 claims of wrongdoing, including libel, breaches of fiduciary and statutory duties, etc. The Association was defended by the law firm of Dinman, Nakamura, Elisha & Lahne ("Dinman law firm"). Although a jury found for Jacobi, the trial court entered judgment notwithstanding the verdict. The Hawaii Supreme Court sustained that judgment on appeal.
 
 
 4
 In September of 1990, one month before Jacobi's case went to trial, the Association filed a fourth party complaint against Jacobi in another lawsuit, this one pitting Thomas F. Schmidt (apparently another disgruntled Marco Polo resident) against the Association. The Association was represented by the Dinman law firm in this case. The fourth party complaint alleged abuse of process and RICO violations. Two years later, in November 1992, the Association dismissed the fourth party complaint against Jacobi, with prejudice.
 
 
 5
 Subsequent to the dismissal, in December 1992, Jacobi filed this action in the United States District Court for the District of Hawaii for malicious prosecution against the Association, eight individual Board members and members of the Dinman law firm.[1] Jacobi has since dismissed his appeal as to all but the lawyers in the Dinman firm. In October 1993, the district court granted defendants' motion for summary judgment. The court concluded that no genuine issue of material fact as to malice existed in the case.
 
 DISCUSSION
 A) Summary Judgment
 
 6
 A non-movant may not defeat summary judgment by merely asserting that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e) says, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Summary judgment is properly entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Musick v. Burke, 913 F.2d 1390, 1393-94 (9th Cir. 1990).
 
 
 7
 We review a grant of summary judgment de novo, applying the same standard used by the trial court under Fed. R. Civ. P. 56(c). Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Jesinger, 24 F.3d at 1130; Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir. 1989).
 
 B) Malicious Prosecution
 
 8
 Under Hawaii law, the tort of malicious prosecution has the following three elements: 1) termination of prior proceedings in plaintiff's favor; 2) initiation of these proceedings without probable cause; and 3) initiation of those proceedings with malice. Myers v. Cohen, 688 P.2d 1145 (Haw. 1984).
 
 
 9
 The district court ruled that Jacobi had failed to support with affidavits or other factual proof his claim of malice. The court said "[H]is assertions have focused almost exclusively on his theory of defendants' motives for bringing the fourth party complaint." E.R. at 216-217.
 
 
 10
 Jacobi claims that a reasonable jury could have found malice from the following evidence: 1) the lack of probable cause for filing the fourth party complaint and the untenable nature of defendants' legal theories; 2) the state court's rejection of the same claims against a different defendant; 3) defendant's "animus" toward Jacobi; and 4) the suspicious timing of the filing and dismissal of their actions.
 
 
 11
 1) Whether a) lack of probable cause for filing the fourth party complaint or b) untenable legal theories support an inference of malice:
 
 
 12
 Jacobi waived these arguments by failing to raise them in either of his responses in the district court to appellees' two motions for summary judgment. Komatsu, Ltd. v. States S.S. Co., 674 F.2d 806, 812 (9th Cir. 1982) ("an appellant may not overturn a summary judgment by raising an issue of fact on appeal that was not plainly disclosed as a genuine issue in the trial court"). Jacobi asserted at oral argument that the groundless pleading of a RICO claim (Count IV of the tit for tat complaint filed by these defendants in the so-called fourth party claim against Jacobi) was per se proof of malice. He cites no authority for this proposition, and we have found none. Moreover, for what it is worth, it is swept up in the waiver created by Jabobi's failure to include the point in his opposition to summary judgment.
 
 
 13
 2) Whether the dismissal of the Association's claims against Daniel Donohoe establish malice:
 
 
 14
 Jacobi argues that malice could be inferred from the filing of the fourth party complaint against him after a court in a related action had dismissed "identical" allegations against others who were in a situation similar to Jacobi's. If he had provided fact-based evidence of the similarity of the actions, other than his own opinion, a question might survive. As it is, however, Jacobi merely alleges that the two cases are identical and provides nothing further to establish similarity. This is not evidence from which a reasonable jury could infer malice.
 
 
 15
 3) Whether appellees' "animus" toward Jacobi supported an inference of malice:
 
 
 16
 Jacobi also claims that malice may be inferred from "the history of animus and threats" directed at him by the appellees. The district court rejected this argument, saying that "[s]ome degree of hostility is generally present whenever a party resorts to litigation .... All that plaintiff has demonstrated to the court are signs that defendants treated him with a modicum of hostility." Because Jacobi fails to detail any instances of hostile conduct that go beyond what may normally be expected in the course of litigation, we also reject this claim.
 
 
 17
 4) Whether the timing and dismissal of the fourth party complaint support an inference of malice:
 
 
 18
 Jacobi claims that a jury could infer malice from the fact that the appellees filed the complaint against him just one month before the trial of his case in chief against them. First, he finds it suspicious that, although his lawsuit had been pending since 1988, appellees waited until September 1990 to file the fourth party complaint. From this Jacobi concludes that "[c]ommon sense indicates that defendants filed to force Mr. Jacobi to settle." Second, he sees malice in the appellees waiting to dismiss the complaint against him until a month after their motion to bifurcate the trial was denied.
 
 
 19
 First, even if the appellees had filed their fourth party complaint against Jacobi to force him to settle, this kind of litigation strategy would not be proof of an improper purpose that would give rise to an inference of malice. Second, Jacobi has not shown that a genuine issue of material fact exists as to the dismissal of the complaint against him. He filed no factual evidence to rebut appellees' explanation that dismissal was purely for strategic reasons. Nor has he provided an explanation of why, if the claim was malicious and the dismissal was evidence of that, he did not obtain a remedy under Hawaii Rule of Civil Procedure 41(a)(2) ("an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.")
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Jurisdiction was proper under 28 U.S.C. Sec. 1332(a)(1), because Jacobi became a resident of the state of Utah after leaving Hawaii